J-S20010-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JAMES CHARLES ERVIN, III | |
| Appellant | No. 654 WDA 2015 |

Appeal from the Judgment of Sentence September 29, 2009
In the Court of Common Pleas of Washington County
Criminal Division at No(s): CP-63-CR-0000279-2009

BEFORE:  PANELLA, J., OLSON, J., and PLATT, J.[*]

MEMORANDUM BY PANELLA, J.                    **FILED MAY 3, 2016**

Appellant, James Charles Ervin, III, appeals from the judgment of sentence entered after a jury convicted him of aggravated assault causing serious bodily injury. Ervin challenges the trial court's imposition of a term of incarceration of ten to twenty years as unreasonable. After careful review, we affirm.

A jury convicted Ervin of stabbing Justin Salin at least 14 times with a knife during a pre-arranged altercation between the two. The trial court, noting the severity of the assault and Ervin's violent history, imposed a sentence of incarceration of ten to twenty years, which was the statutory maximum, and above the aggravated range of the sentencing guidelines.

_____

[*] Retired Senior Judge assigned to the Superior Court.

Ervin filed a post-sentence motion seeking modification of his sentence. Ervin's post-sentence motion was denied as a matter of law when the trial court failed to act upon it within 120 days. However, the clerk of courts did not issue or serve the necessary order upon Ervin.

On March 18, 2015, Ervin's direct appeal rights were restored *nunc pro tunc*, and this timely appeal followed. Ervin raises a single issue for our review: whether the trial court abused its discretion in imposing a sentence of incarceration above the aggravated range of the sentencing guidelines. Ervin concedes that this argument constitutes a challenge to the discretionary aspects of his sentence. ***See*** Appellant's Brief, at 10.

"A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." ***Commonwealth v. McAfee***, 849 A.2d 270, 274 (Pa. Super. 2004) (citation omitted). When challenging the discretionary aspects of the sentence imposed, an appellant must present a substantial question as to the inappropriateness of the sentence. ***See Commonwealth v. Tirado***, 870 A.2d 362, 365 (Pa. Super. 2005).

"Two requirements must be met before we will review this challenge on its merits." ***McAfee***, 849 A.2d at 274 (citation omitted). "First, an appellant must set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence." ***Id***. (citation omitted). "Second, the appellant must show that

there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code." ***Id***. (citation omitted). That is, "the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process." ***Tirado***, 870 A.2d at 365 (citation omitted).

We examine an appellant's Rule 2119(f) statement to determine whether a substantial question exists. ***See id***. "Our inquiry must focus on the *reasons* for which the appeal is sought, in contrast to the *facts* underlying the appeal, which are necessary only to decide the appeal on the merits." ***Id***. (citation omitted). ***See also*** Pa.R.A.P. 2119(f).

In the present case, Ervin's appellate brief contains the requisite Rule 2119(f) concise statement. Furthermore, he preserved his argument against the discretionary aspects of his sentence through a post-sentence motion. Thus, he is in technical compliance with the requirements to challenge the discretionary aspects of a sentence.

Ervin argues in his Rule 2119(f) statement that the trial court considered inappropriate factors in imposing a sentence outside the guideline ranges. A claim that the sentencing court imposed a sentence outside of the guidelines without specifying sufficient reasons presents a substantial question for our review. ***See Commonwealth v. Holiday***, 954 A.2d 6, 10 (Pa. Super. 2008). We therefore turn to the merits of Ervin's arguments.

Ervin first contends that the trial court improperly opined that Salin would have died from his wounds had he not been promptly evacuated to a nearby hospital. As Ervin correctly notes, the jury acquitted him on the attempted homicide charge. Thus, the trial court could not attempt to sentence him for attempted homicide under his conviction for aggravated assault. Next, Ervin asserts that the trial court improperly relied upon an incorrect count of the number of stab wounds suffered by Salin. Finally, Ervin argues that the trial court improperly double counted the severity of the injuries suffered by Salin, as the crime of aggravated assault – serious bodily injury inflicted already takes into account the severity of the injuries inflicted.

Initially, we note that the trial court reviewed a pre-sentence report. *See* N.T., Sentencing, 9/29/09 at 12. Where the trial court had the benefit of reviewing a pre-sentence report, we must

> presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. A pre-sentence report constitutes the record and speaks for itself. In order to dispel any lingering doubt as to our intention of engaging in an effort of legal purification, we state clearly that sentencers are under no compulsion to employ checklists or any extended or systematic definitions of their punishment procedure. Having been fully informed by the pre-sentence report, the sentencing court's discretion should not be disturbed. This is particularly true, we repeat, in those circumstances where it can be demonstrated that the judge had any degree of awareness of the sentencing considerations, and there we will presume also that the weighing process took place in a meaningful fashion. It would be foolish, indeed, to take the

position that if a court is in possession of the facts, it will fail to apply them to the case at hand.

***Commonwealth v. Hallock***, 603 A.2d 612, 616 (Pa. Super. 1992) (citing

***Commonwealth v. Devers***, 519 Pa. 88, 101-02, 546 A.2d 12, 18 (1988)).

As the trial court in this case had the benefit of a pre-sentence report, we must presume that it considered all relevant sentencing factors and did not impose an unreasonable sentence based solely on impermissible factors.

We are further satisfied that the trial court adequately stated its reasons for imposing the sentence as follows.

> [Salin's mother] couldn't have stated it better than I could after my sitting through the trial and review of the facts and circumstances and reading the PSI. Clearly, you have anger issues. I was taken with your statement in the PSI that you've been in at least 18 separate fights and never once were you the aggressor, that you preferred to negotiate as opposed to fight, and yet you admit, at age 20, you've been in at least 18 separate altercations.
>
> I also was struck by the fact that you had previously been adjudicated on issues relative to carrying a knife. You know in this particular case, but for the Grace of God, Mr. Salin would have died, only by the fact that somebody got you off of him, number one, but also the fact that his friends were there and quick enough to get him from the scene without waiting for an ambulance and get him to the hospital and stop him from bleeding to death.
>
> I mean, the severity of his injuries, you stabbed him, I thought it was 14 times. Maybe it was 20 times, in the face, the neck, the side, abdomen, arm. He looked like Edward Scissorhands, he had so many stab wounds. And the fact that you show absolutely no remorse and you somehow believe that somehow it must have been somebody else, "I didn't have a knife. Somebody else must have stabbed him as many times as he was stabbed."

> Certainly, the jury found you not guilty of attempted homicide. If this young man was not taken to the hospital, there would have been a homicide. Clearly, there are multiple aggravating factors that I've set forth on the record here today that I believe – I mean, this gentleman was carved up, as I think one of the officers may have placed in the PSI. The severity of the attack, the wounds sustained by the victim, clearly, I believe that puts this in the aggravated range.
>
> Not only is the [c]ourt going to sentence you in the aggravated range, the [c]ourt is going to go beyond the aggravated range and the [c]ourt is going to give you the statutory maximum sentence of a period of incarceration of not less than 10 to no more than 20 years on the Felony 1 Aggravated Assault conviction.

N.T., Sentencing, 9/29/29 at 12-14.

While the trial court does observe that this would have been a homicide if not for the actions of third parties, it also explicitly recognized that the jury had acquitted Ervin of the attempted homicide charge. Furthermore, the jury's verdict did not necessarily reflect on the severity of the injuries inflicted; it may have simply reflected a determination that Ervin lacked a specific intent to kill. **See Commonwealth v. Dale**, 836 A.2d 150, 152-153 (Pa. Super. 2003) (accused must act with specific intent to kill to be found guilty of attempted homicide). However, even without a specific intent to kill, a defendant may be found guilty of third degree homicide. **See** 18 Pa.C.S.A. § 2502(c). **See also Commonwealth v. Santos**, 876 A.2d 360, 363–64 (Pa. 2005). Thus, the trial court's observations do not directly clash with the jury's verdict.

Furthermore, while the trial court opines that "maybe" Salin suffered 20 stab wounds, this is far from definitive proof that the court relied exclusively upon such a finding in imposing sentence. Similarly, it is clear that the severity of the injuries suffered by Salin did not constitute the sole reason for the departure from the sentencing guidelines. The trial court also noted Ervin's extensive history of violence, prior adjudications for carrying a knife, and Ervin's failure to accept responsibility for his own actions. These factors are permissible reasons for deviating from the guideline ranges. We therefore conclude that Ervin's sole issue on appeal merits no relief.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/3/2016