J-S52026-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JIMMY SANTOS | |
| Appellant | No. 2503 EDA 2015 |

Appeal from the Judgment of Sentence entered June 19, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0015316-2013

BEFORE: FORD ELLIOTT, P.J.E., STABILE, and STRASSBURGER,[*] JJ.

MEMORANDUM BY STABILE, J.:                      **FILED SEPTEMBER 19, 2016**

Appellant, Jimmy Santos, appeals from the judgment of sentence imposed on June 19, 2015 in the Court of Common Pleas of Philadelphia County following his convictions of third-degree murder, violations of the Uniform Firearms Act ("VUFA"), and possessing an instrument of crime ("PIC").[1] Appellant argues the evidence was insufficient to support his third-degree murder conviction. He also asserts trial court error for delivering a jury instruction on third-degree murder. Following review, we affirm.

The trial court condensed the underlying facts of the case as follows:

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2502(c), 6101 _et seq.,_ and 907, respectively.

Abba Abukanan was a drug addict. A couple of days prior to October 25, 2012, Abukanan went to the area of 5th and Cornwall Streets in Philadelphia to purchase illegal drugs [from Appellant and William Colon] using fake money[.] [Appellant and Colon] did not appreciate that Abukanan was attempting to pawn off fake money to them and an altercation ensued. [Appellant] and Colon chased Abukanan off the block and told him not to come back. Abukanan, being a drug addict[,] returned on October 25, 2012, money in hand to buy more illicit drugs[. W]hen he was recognized, [Appellant and Colon] were alerted to his presence. [Appellant] shot Abukanan in the left wrist and leg. Colon then shot Abukanan in the back of the head, executing him. When police arrived on the scene, Abukanan was found dead, with three gunshot wounds and the money still gripped in his hand.

Trial Court Rule 1925(a) Opinion ("T.C.O."), 7/29/15, at 3 (references to notes of testimony omitted).[2]

As the trial court explained, Appellant was arrested on May 10, 2013, and was charged with, *inter alia*, murder, VUFA and PIC. T.C.O., 7/29/15, at 1. Following a trial that began on January 7 and concluded on January 16, 2015, a jury convicted Appellant of third-degree murder, VUFA and PIC. The jury acquitted him of first-degree murder and criminal conspiracy, 18 Pa.C.S.A. §§ 2502(a) and 903, respectively. He was sentenced to an

_____

[2] Appellant was tried jointly with William Colon ("Colon") who was convicted and sentenced to life in prison without parole for first-degree murder, 18 Pa.C.S.A. § 2502(a). The trial court imposed concurrent sentences of five to ten years and three and one-half to seven years for VUFA and PIC convictions, respectively. Colon's related appeal, challenging the sufficiency and weight of evidence as well as the denial of mistrial motions and a jury instruction on alibi evidence, is docketed at No. 1701 EDA 2015. The appeals have not been consolidated.

aggregate term of not less than thirty nor more than sixty years in prison, including twenty to forty years for the third-degree murder conviction.

Appellant filed a timely appeal from his judgment of sentence. Both he and the trial court complied with Pa.R.A.P. 1925.[3] Appellant now presents two issues for our consideration:

    I.    Was the evidence insufficient to convict Appellant of [m]urder in the 3rd [d]egree, when the evidence and verdicts showed that Appellant shot the victim in the thigh and wrist, while the co-defendant shot the victim in the back of the head, and Appellant was found not guilty of [c]onspiracy to [c]ommit [m]urder?

    II.    Did the [t]rial [c]ourt err by instructing the jury on 3rd [d]egree [m]urder with regards to Appellant, when the medical and scientific evidence clearly showed that the gunshot wounds to the victim's thigh and wrist, which were attributable to appellant, did not cause the victim's death?

Appellant's Brief at 3.

In his first issue, Appellant challenges the sufficiency of the evidence for his third-degree murder conviction in light of evidence showing that although Appellant shot the victim in the wrist and thigh, it was Colon's shot to the head that killed the victim. Appellant argues that his actions did not result in the victim's death and, therefore, Appellant cannot be criminally responsible for the death.

_____

[3] We remind Appellant's counsel of the requirement to attach a copy of the Pa.R.A.P. 1925(b) statement to Appellant's brief. Pa.R.A.P. 2111(11), (d).

- 3 -

As a challenge to sufficiency of the evidence, Appellant presents a question of law. *Commonwealth v. Antidormi*, 84 A.3d 736, 756 (Pa. Super. 2014) (citing *Commonwealth v. Widmer*, 744 A.2d 745, 751 (Pa. 2000)). As this Court reiterated in *Antidormi*:

Our standard of review is well-established:

The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Id.* at 756 (quoting *Commonwealth v. Estepp*, 17 A.3d 939, 943-44 (Pa. Super. 2011) (additional citation omitted)).

The statutory definition of third-degree murder is simply, "All other kinds of murder [other than first- or second-degree murder] shall be murder of the third degree. Murder of the third degree is a felony of the first degree." 18 Pa.C.S.A. § 2502(c). In *Commonwealth v. Fisher*, 80 A.3d 1186 (Pa. 2013), our Supreme Court examined the crime of third-degree

- 4 -

murder, albeit in the context of conspiracy to commit the crime. However, its discussion of the crime of third-degree murder is instructive. As the Court explained:

> Section 2502 of the Crimes Code defines the three degrees of murder. This section sets forth the *mens rea* for first degree murder, *see* 18 Pa.C.S. § 2502(a) (an intentional killing), and defines second degree murder as that occurring during the perpetration of a felony. **See id.**, § 2502(b). Regarding third degree murder, however, the statute simply states, "All other kinds of murder shall be murder of the third degree." **Id.,** § 2502(c). Importantly, § 2502(c) does not set forth the requisite *mens rea* for third degree murder; however, § 302(c) of the Crimes Code provides, "When the culpability sufficient to establish a material element of an offense is not prescribed by law, such element is established if a person acts *intentionally, knowingly or recklessly* with respect thereto." **Id.,** § 302(c) (emphasis added).
>
> Case law has further defined the elements of third degree murder, holding:
>
>> [T]o convict a defendant of the offense of third degree murder, the Commonwealth need only prove that the defendant killed another person with malice aforethought. This Court has long held that malice comprehends not only a particular ill-will, but . . . [also a] wickedness of disposition, hardness of heart, recklessness of consequences, and a mind regardless of social duty, although a particular person may not be intended to be injured.
>
> **Commonwealth v. [Oscar] Santos**, 583 Pa. 96, 876 A.2d 360, 363 (2005) (alteration in original) (internal citation, quotation, and emphasis omitted); **see also Commonwealth v. Drum**, 58 Pa. 9, 15 (1868) (defining malice as quoted above). This Court has further noted:
>
>> [T]hird degree murder is not a homicide that the Commonwealth must prove was committed with malice and without a specific intent to kill. Instead, it is a homicide that the Commonwealth must prove was

committed with malice, but one with respect to which the Commonwealth need not prove, nor even address, the presence or absence of a specific intent to kill. Indeed, to convict a defendant for third degree murder, the jury need not consider whether the defendant had a specific intent to kill, nor make any finding with respect thereto.

*Commonwealth v. Meadows*, 567 Pa. 344, 787 A.2d 312, 317 (2001) (quoting *Commonwealth v. Young*, 561 Pa. 34, 748 A.2d 166, 174–75 (1999)).

Accordingly, the Commonwealth is correct that absence of specific intent to kill is not an element of third degree murder; rather, such crime is an intentional act, characterized by malice, that results in death, intended or not. Appellees and the Superior Court beg the question—in stating an element of the crime of third degree murder is an unintentional killing, and one cannot intend an unintentional act, they misstate the elements of third degree murder. True, the intent to kill is a defined element of first degree murder—this does not mean an element of third degree murder is the polar opposite of intent to kill, such that the Commonwealth must prove a lack of intent to kill to convict of third degree murder. The Commonwealth has no such obligation; evidence of intent to kill is simply irrelevant to third degree murder. The elements of third degree murder absolutely include an intentional *act,* but not an act defined by the statute as intentional murder. The act sufficient for third degree is still a purposeful one, committed with malice, which results in death[.]

*Id.* at 1191. This Court has found malice where a defendant employed a deadly weapon, *Commonwealth v. Marks*, 704 A.2d 1095 (Pa. Super. 2007), and where a defendant perpetrated a shooting motivated by a prior incident involving the victim, *Commonwealth v. Marquez*, 980 A.2d 145 (Pa. Super. 2009).

Against that backdrop, it is incumbent upon this Court to review the evidence, in a light most favorable to the Commonwealth as verdict winner, to determine whether the evidence was sufficient to sustain a verdict of

murder in the third degree.  Our review leads us to conclude that it does.  As the trial court observed, witnesses Julio Rosa and Alex Cruz both denied at trial any recollection of the shooting.  T.C.O., 7/29/15, at 5 (references to notes of testimony omitted).  However, Rosa previously stated that he observed Appellant arguing with the victim prior to the shooting and both Rosa and Cruz told the police that Appellant shot the victim in the wrist and thigh and that Colon then went behind the victim and shot him in the head.  *Id.*  As the trial court correctly observed, "Clearly [Appellant] deliberately attacked his victim, shooting him twice.  Both [Appellant and Colon] rushed the decedent, blasting away at an unarmed and unaware victim, shooting him at point blank range in the wrist, leg and back of the head.  This was a premeditated, deliberate attack with a deadly weapon."  *Id.*  Again, to convict a defendant for third-degree murder, the jury need not consider whether the defendant had a specific intent to kill, nor make any finding with respect thereto.  *Fisher, supra*, 80 A.3d at 1191.

Appellant acknowledges that two of his gunshots struck the victim but argues that it was Colon, not Appellant, who mortally wounded the victim.  Appellant ignores that the trial court instructed the jury on accomplice liability.  "A person is an accomplice of another person in the commission of an offense if . . .  with the intent of promoting or facilitating the commission of the offense, he . . . aids or agrees or attempts to aid such other person in planning or committing it."  18 Pa.C.S.A. § 306(c)(1)(ii).  Accomplice liability

- 7 -

"may be established wholly by circumstantial evidence. Only the least degree of concert or collusion in the commission of the offense is sufficient to sustain a finding of responsibility as an accomplice. No agreement is required, only aid." **Commonwealth v. Knox**, 50 A.3d 732, 739 (Pa. Super. 2012) (citation and internal quotations omitted). Further, as our Supreme Court has held, "[A] conviction for murder of the third degree is supportable under complicity theory where the Commonwealth proves the accomplice acted with the culpable mental state required of a principal actor, namely, malice. In other words, the Pennsylvania Crimes Code legally, logically, and rationally imposes accomplice liability for depraved heart murder." **Commonwealth v. Roebuck**, 32 A.3d 613, 624 (Pa. 2011). As the Crimes Code instructs:

> When causing a particular result is an element of an offense, an accomplice in the conduct causing such result is an accomplice in the commission of that offense, if he acts with the kind of culpability, if any, with respect to that result that is sufficient for the commission of the offense.

18 Pa.C.S.A. § 302(d) (culpability of accomplice).

We find the evidence presented at trial was sufficient to establish that Appellant committed the third-degree murder of the victim with malice. Appellant and Colon approached the victim. Appellant shot twice before his gun jammed, at which time Colon delivered the fatal shot to the back of the victim's head. Appellant's actions were part of the same criminal episode in which he worked in concert with Colon to shoot and ultimately kill the victim,

and did so with malice. The evidence was sufficient for the jury to find beyond a reasonable doubt that Appellant acted with malice and reckless disregard of the fact that his actions could cause death or serious injury. Further, the fact that Appellant did not deliver the fatal shot does not absolve Appellant from culpability for third-degree murder. Our Supreme Court rejected a similar claim of insufficiency based on an appellant's assertion that it was one of his companions and not he who fired a fatal shot. **Commonwealth v. Wilson**, 426 A.2d 575 (Pa. 1981). The Court determined that the evidence was sufficient to support a conviction for third-degree murder. "[R]egardless of who actually fired the fatal bullet, appellant and his companions acted in concert and collusion. Appellant is thus responsible for the crime as an accomplice . . . even if the shot in question was not fired from his gun." **Id.** at 576 (citations omitted).

Viewed in the light most favorable to the Commonwealth as verdict winner, and recognizing Appellant's role as an accomplice to Colon, the Commonwealth presented evidence sufficient to establish Appellant's guilt of third-degree murder. Appellant's first issue fails.

In the second issue set forth in his statement of questions presented, Appellant contends the trial court committed reversible error by delivering a jury instruction on third-degree murder. As this Court has explained:

> [W]hen evaluating the propriety of jury instructions, this Court will look to the instructions as a whole, and not simply isolated portions, to determine if the instructions were improper. We further note that, it is an unquestionable maxim of law in this

Commonwealth that a trial court has broad discretion in phrasing its instructions, and may choose its own wording so long as the law is clearly, adequately, and accurately presented to the jury for its consideration. Only where there is an abuse of discretion or an inaccurate statement of the law is there reversible error.

*Antidormi*, 84 A.3d at 754 (quoting *Commonwealth v. Trippett*, 932 A.2d 188, 200 (Pa. Super. 2007) (citation omitted)).

Although Appellant's issue as framed purportedly challenges the jury instructions, his argument focuses instead on the trial court's determination that Appellant's third-degree murder conviction was justified on a theory of accomplice liability. Appellant's Brief at 15-17. Further, his argument is devoid of any citation to legal authority, in violation of Pa.R.A.P. 2119(a) (argument shall be divided into as many parts as there are questions to be argued and shall have at the head of each part the particular point treated therein, "followed by such discussion and citation of authorities as a deemed pertinent.").

In his statement of questions, Appellant's second issue claims the trial court erred in instructing the jury on third-degree murder. In the argument section of his brief, he sets forth a different issue, *i.e.*, "Appellant's actions in this case do not make him an accomplice in the death of the victim." Appellant's Brief at 15. He then embarks on a three-page discussion of accomplice liability leading to his conclusion that the Commonwealth failed to prove Appellant guilty of murder on a theory of accomplice liability. As such, Appellant has waived his jury instruction argument and has instead

continued his first argument, contending the evidence was insufficient to sustain his conviction of third-degree murder. As already determined, the evidence was sufficient to support his conviction. Appellant's second issue, even if not waived, fails for lack of merit.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/19/2016