876 A.2d 360

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Oscar SANTOS, Appellee.**

Supreme Court of Pennsylvania.

Argued April 11, 2005.

Decided June 20, 2005.

Hugh J. Burns, Esq., Joan Weiner, Esq., Philadelphia, for Commonwealth of Pennsylvania.

Marc J. Frumer, Esq., Philadelphia, for Oscar Santos.

BEFORE: CAPPY, C.J., and CASTILLE, NIGRO, NEWMAN, SAYLOR, EAKIN and BAER, JJ.

## *OPINION*

Justice NIGRO.

The Commonwealth appeals from the Superior Court's order affirming the order of the trial court granting Appellee Oscar Santos' Petition for Writ of Habeas Corpus. For the reasons that follow, we reverse.

On the evening of July 21, 1994, Santos and his friend, solely identified as "Papadiko," were standing on a street in North Philadelphia when they observed a vehicle sideswipe Santos' parked car and then drive away. The two men went to Santos' car where Santos obtained a gun from underneath one of the seats. The men then got into the car and followed the vehicle that had hit Santos' car. Approximately five minutes later, Papadiko and Santos returned to the scene and parked the car in the same spot in which it had been earlier.

When Santos exited the car, he was carrying a gun and pulling the slide back and forth. Gladys Soto, who was

standing nearby, told Santos to put the gun away because there were children playing a few feet away. Santos, however, ignored Ms. Soto and continued to pull the slide of his gun. Moments later, the gun went off, firing a single shot into the head of six-year-old Felicia Cohen. Santos threw the gun in a nearby alley and fled from the scene. Three days later, Felicia died from the gunshot wound. Around the same time, Santos fled to the Dominican Republic, where he was apprehended seven years later.

On December 13, 2001, the Commonwealth charged Santos with murder, possession of an instrument of a crime, reckless endangerment, and violation of certain provisions of the Uniform Firearms Act.[1] During a preliminary hearing before Judge McCaffery of the Municipal Court of Philadelphia County, the Commonwealth introduced testimony from Ms. Soto regarding Santos' conduct on the evening of July 21, 1994.[2] The Commonwealth also produced a statement made by Santos in which he admitted that he had shot Felicia. However, in his statement, Santos claimed that he had accidentally fired the gun while he was pulling the slide to see if he could get the gun to work. At the conclusion of the preliminary hearing, Judge McCaffery found that the totality of the evidence, when considered in the light most favorable to the Commonwealth, was sufficient to support all of the charges against Santos.

Santos subsequently filed a Petition for Writ of Habeas Corpus, arguing that the evidence did not support the charges lodged against him.[3] On March 20, 2002, Judge Lerner of the

1. The Commonwealth charged Santos with murder generally pursuant to 18 Pa.C.S. § 2502, rather than charging him with a particular degree of murder.

2. Ms. Soto witnessed all of the events leading up to Felicia's shooting.

3. Following the common practice in Philadelphia County, Santos titled his petition as a Motion to Quash Return of Transcript and/or Petition for Writ of Habeas Corpus. *See, e.g., Commonwealth v. McBride*, 528 Pa. 153, 595 A.2d 589, 590 n. 2 (1991) (noting that it is common practice in Philadelphia County to call a petition for writ of habeas corpus a motion to quash the return of transcript). Nevertheless, we shall simply refer to Santos' petition as a Petition for Writ of Habeas Corpus.

Court of Common Pleas held a hearing on Santos' petition. During the hearing, the Commonwealth reopened the record and introduced the testimony of Officer Carl Rone, a ballistics expert, who had examined the gun found at the crime scene. According to Officer Rone, the gun did not have any malfunctions and could not have fired simply based on Santos' act of pulling the slide. Rather, Officer Rone testified that Santos would have had to pull the trigger in order to fire the gun.

Immediately following the hearing, Judge Lerner entered an order granting Santos' Petition for Writ of Habeas Corpus with respect to the murder charge.[4] In a subsequent Pa. R.A.P.1925(a) opinion, Judge Lerner first explained that Santos could not be tried for first or second-degree murder as the Commonwealth had not presented *any* evidence to establish that Santos was guilty of those specific degrees of murder. Judge Lerner then explained that Santos also could not be placed on trial for the offense of third-degree murder because the Commonwealth had failed to show that Santos had acted with malice, a necessary element of that offense. Judge Lerner stated: "[T]here is no evidence in the record from which a reasonable juror could find beyond a reasonable doubt that the shooting of Felicia Cohen was anything other than a horrible accident, caused clearly by [Santos'] reckless conduct, but not by any intent or malice on his part."[5] *Commonwealth v. Santos,* Jan. 2001 Term, No. 1129 (C.C.P.Phila.County, October 7, 2002), Slip. Op. at 6.

On appeal, the Commonwealth challenged the trial court's finding that the evidence was insufficient to charge Santos with third-degree murder.[6] However, a divided panel of the

4. In the order, Judge Lerner also directed that Santos be charged with involuntary manslaughter.

5. Judge Lerner further pointed out that the evidence showed that Santos was a friend of Felicia Cohen's family and that he did not have "any ill will towards Felicia Cohen or anyone else on the street at the time of the shooting." *Commonwealth v. Santos,* Jan. 2001 Term, No. 1129 (C.C.P.Phila.County, October 7, 2002), Slip. Op. at 6.

6. It is well-established that the Commonwealth may appeal from a trial court's order dismissing a felony charge based on a pre-trial petition for writ of habeas corpus. *See Commonwealth v. Huggins,* 575 Pa. 395,

Superior Court disagreed and affirmed the trial court's order granting Santos' Petition for Writ of Habeas Corpus. Judge Bender authored a memorandum opinion in which he found that the trial court properly dismissed the third-degree murder charge because there was no evidence that Santos acted with malice. Citing to the Model Penal Code and decisions by the Supreme Courts of Alabama and Georgia as well as the Court of Appeals of New York, Judge Bender stated that "malice involves a state of mind that is nearly equivalent to purposeful or knowing homicide." *Commonwealth v. Santos,* No. 1322 EDA 2002, Slip Op. at 6, 839 A.2d 1162 (Pa.Super. Sept. 3, 2003) (citing Model Penal Code § 210.1; *Ex parte Weems,* 463 So.2d 170 (Ala.1984); *Myrick v. State,* 199 Ga. 244, 34 S.E.2d 36 (1945); *People v. Roe,* 74 N.Y.2d 20, 544 N.Y.S.2d 297, 542 N.E.2d 610 (1989)). According to Judge Bender, such malice is only present "where the actor acts with such gross indifference to the high probability that serious bodily injury or death will result that *his state of mind is essentially tantamount to, or falls just shy of, intent to injure or kill.*" *Santos,* Slip Op. at 7 (emphasis added). Applying those principles to the instant case, Judge Bender concluded that the Commonwealth had failed to establish that Santos had acted with malice because "there is no evidence of record to support the premise that [Santos] intentionally discharged the weapon, let alone intended to injury [sic] Felicia." *Id.* at 12; *see also id.* at 14 ("[I]t cannot be said that his actions in attempting to chamber a round presented such a high probability of a discharge *that his conscious disregard to the probable occurrence was essentially the same as intending the result.*") (emphasis added).

President Judge Emeritus McEwen concurred in the result proffered by Judge Bender without joining his opinion. Judge Montemuro authored a dissenting opinion in which he disagreed with the majority's conclusion that the Commonwealth had not presented a *prima facie* case to support a third-

836 A.2d 862, 865 n. 2 (2003); *Commonwealth v. Hess,* 489 Pa. 580, 414 A.2d 1043, 1047 (1980); *Commonwealth v. Hughes,* 468 Pa. 502, 364 A.2d 306 n. 2 (1976).

degree murder charge.[7]  Instead, Judge Montemuro took the position that under the facts of the instant case, Santos clearly acted with malice by "deliberately ignoring the danger posed by his behavior even after receiving a warning, and intentionally engaging in a clearly reckless and malicious course of conduct." *Santos,* Dissenting Op. at 3.

The Commonwealth subsequently filed a petition for allowance of appeal with this Court and we granted allocatur to consider whether the trial court erred in finding that the evidence was insufficient to charge Santos with third-degree murder.

In reviewing a trial court's order granting a defendant's petition for writ of habeas corpus, we "must generally consider whether the record supports the trial court's findings, and whether the inferences and legal conclusions drawn from those findings are free from error." *Commonwealth v. Hock,* 556 Pa. 409, 728 A.2d 943, 945 (1999).  A trial court may grant a defendant's petition for writ habeas corpus where the Commonwealth has failed to present a *prima facie* case against the defendant. *See Commonwealth v. Hock,* 556 Pa. 409, 728 A.2d 943, 945 (1999).  "A *prima facie* case exists when the Commonwealth produces evidence of each of the material elements of the crime charged and establishes sufficient probable cause to warrant the belief that the accused committed the offense." *Huggins,* 836 A.2d at 866.  Notably, the Commonwealth does not have to prove the defendant's guilt beyond a reasonable doubt. *See id.*  Further, the evidence must be considered in the light most favorable to the Commonwealth so that inferences that would support a guilty verdict are given effect. *See id.*

It is well-established that to convict a defendant of first-degree murder, the Commonwealth must show that the defendant killed another person with the specific intent to kill that person and malice aforethought. *See* 18 Pa.C.S. § 2502(a); *Commonwealth v. Ragan,* 560 Pa. 106, 743 A.2d 390, 400

---

7.  Judge Montemuro is a retired Justice of this Court who has been assigned to sit on the Superior Court.

(1999). In contrast, to convict a defendant of the offense of third-degree murder, the Commonwealth need only prove that the defendant killed another person with malice aforethought. *See Commonwealth v. McGuire,* 487 Pa. 208, 409 A.2d 313, 315–16 (1979). This Court has long held that malice "comprehends not only a particular ill-will, but . . . [also a] wickedness of disposition, hardness of heart, recklessness of consequences, and a mind regardless of social duty, *although a particular person may not be intended to be injured." Commonwealth v. Ludwig,* 583 Pa. 6, 21, 874 A.2d 623, 632, 2005 WL 1174092, *6 (Pa. May 19, 2005) (*quoting Commonwealth v. Drum,* 58 Pa. 9, 15 (1868)) (emphasis added); *see also Commonwealth v. Young,* 494 Pa. 224, 431 A.2d 230, 232 (1981); *McGuire,* 409 A.2d at 316; Pa. SSJI (Crim.) § 15.2502c.

■ Thus, contrary to what Judge Bender indicated below, "[t]he presence of a deliberate intent to kill while a prerequisite for murder is not required for murder [in the third degree]" in this Commonwealth. *Commonwealth v. Taylor,* 461 Pa. 557, 337 A.2d 545, 548 (1975). Instead, the defendant need only exhibit malice, which as explained above, includes "a class of wanton and reckless conduct [that] manifests . . . an extreme indifference to the value of human life," but does not necessarily manifest an intent to kill. *Id.* at 548. Indeed, our courts have consistently held that malice is present under circumstances where a defendant did not have an intent to kill, but nevertheless displayed a conscious disregard for "an unjustified and extremely high risk that his actions *might* cause death or serious bodily harm." *Young,* 431 A.2d at 232 (emphasis added) (citations omitted). For example, in *Taylor,* we found that malice was established when the defendant killed a boy with his car while he was driving under the influence of alcohol, at an excessive rate of speed, and in an area where he knew children were likely to traverse. *See* 337 A.2d at 548–49. Similarly, in *Commonwealth v. Scales,* 437 Pa.Super. 14, 648 A.2d 1205 (1994), the Superior Court held that the defendant acted with malice when he hit and killed a child with his heavy and high-powered car because he had been driving at an excessive rate of speed and recklessly in a crowded residential neighborhood. *See id.* at 1207–08. Moreover, prior to hitting

the child, Scales ignored a stop sign and told a bystander who warned him to slow down to "shut up." *Id.; see also Commonwealth v. Urbanski,* 426 Pa.Super. 505, 627 A.2d 789, 793–94 (1993) (drunk driver acted maliciously in causing a collision that killed his wife where he had been driving erratically and at rapid speeds despite pleas from his wife to slow down).

Likewise, we find that the evidence presented in the instant case establishes, at the very least, a *prima facie* showing of malice. As explained above, the Commonwealth's evidence showed that Santos grabbed a gun prior to chasing down the vehicle that had hit his car. Upon returning to the crime scene, he kept the gun in his hand and continuously pulled the slide back and forth. Despite the fact that Ms. Soto explicitly warned him to put the gun away because of the children who were playing in the area, Santos disregarded this warning and not only continued to manipulate the *loaded* gun, but did so with the barrel facing the young children. Furthermore, Officer Rone's testimony was that Santos must have had his hand on the gun's trigger while he was pulling the gun's slide because only a pull of the trigger could have caused the fatal shot that hit Felicia's head. Viewing this evidence in the light most favorable to the Commonwealth as we must when reviewing a trial court's order granting a petition for habeas corpus, the Commonwealth clearly presented sufficient evidence to support a *prima facie* finding that Santos "consciously disregarded an unjustified and extremely high risk that his actions might cause death or serious bodily injury." *Young,* 431 A.2d at 232 (citations omitted); *compare Taylor* 337 A.2d at 548–49; *Scales* 648 A.2d at 1207; *Urbanski,* 627 A.2d at 793–94.[8]

Accordingly, the Superior Court's order is reversed and this case is remanded for further proceedings consistent with this opinion.

**8.** While *Taylor, Scales,* and *Urbanski* all involved deaths caused by a defendant's use of a motor vehicle, we note that a loaded gun is just as much of a deadly instrument as a motor vehicle, if not more so. Thus, as with a motor vehicle, a defendant can certainly be found to have acted with malice when the evidence shows that he recklessly used a gun in deliberate disregard of the danger posed to others.