**[J-20-2015] [MO: Todd, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**WESTERN DISTRICT**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 26 WAP 2014 |
| | : | |
| Appellant | : | Appeal from the Order of the Superior |
| | : | Court, entered November 25, 2013 at |
| | : | No. 45 WDA 2011, vacating the |
| v. | : | Judgment of Sentence of the Court of |
| | : | Common Pleas of Allegheny County, |
| | : | entered December 7, 2010, at No. CP- |
| STEVENSON LEON ROSE, | : | 02-CR-0000810-2008 and remanding. |
| | : | |
| Appellee | : | ARGUED:  April 8, 2015 |

**CONCURRING OPINION**

**MR. JUSTICE EAKIN**                    **DECIDED: NOVEMBER 18, 2015**

I agree with the Majority that the ex post facto prohibition is violated when a more severe sentence is imposed based on a statute that was amended between the criminal act and its result.  See Majority Slip Op., at 22.

Previously, in Beazell v. Ohio, 269 U.S. 167 (1925) and Dobbert v. Florida, 432 U.S. 282 (1977), the United States Supreme Court attempted to distinguish between procedural and substantive changes in Ex Post Facto Clause analysis by focusing on the disadvantage, burden, and substantial personal rights of the accused.  The High Court has since expressly abandoned its prior focus on "disadvantage" and "substantial personal rights" — terms that have been erroneously construed to expand the interpretation of the Ex Post Facto Clause.  In Collins v. Youngblood, 497 U.S. 37 (1990), the High Court stated, "a procedural change may constitute an ex post facto violation if it affects matters of substance[.] …  We think this language from the cases cited[, inter alia Beazell and Dobbert,] has imported confusion into the interpretation of

the Ex Post Facto Clause." Id., at 45 (internal quotation marks and citations omitted). Additionally, "[a]fter Collins, the focus of the ex post facto inquiry is not on whether a legislative change produces some ambiguous sort of 'disadvantage,' … but on whether any such change alters the definition of criminal conduct or increases the penalty by which a crime is punishable." Cal. Dep't of Corr. v. Morales, 514 U.S. 499, 506 n.3 (1995). The High Court has stated the controlling inquiry is whether the amended law creates "'a sufficient risk of increasing the measure of punishment attached to the covered crime.'" Garner v. Jones, 529 U.S. 244, 250 (2000) (quoting Morales, at 509); see also Peugh v. United States, 133 S. Ct. 2072, 2083 n.4 (2013) ("The relevant question is whether the change in the law creates a sufficient or significant risk of increasing the punishment for a given crime." (internal quotations and citations omitted)).

The Commonwealth argues third-degree murder is a crime that does not require a specific intent to kill, concluding, "[I]t would seem disingenuous for one to suggest that Rose's right to notice of the possible penalty for his crime was violated where Rose did not necessarily specifically intend to commit the crime for which he was ultimately found guilty[.]" Commonwealth's Brief, at 34. The Commonwealth's third-degree murder premise is fallacious, as absence of specific intent to kill is not an element of third-degree murder, nor did the jury find an absence of specific intent to kill. The verdict did not mean the jury found as a fact Rose lacked the intent to kill; all that can be said is that the prosecution did not prove the presence of such intent. A lack of proof does not equate to a finding of the contrary proposition any more than an acquittal is a verdict of innocence.

This Court specifically rejected this strand of logic in Commonwealth v. Fisher, 80 A.3d. 1186, 1191 (Pa. 2013) ("The elements of third[-]degree murder absolutely include

an intentional act, but not an act defined by the statute as intentional murder."). The absence of specific intent to take a life does not mean a defendant has acted unintentionally. "It is well-established that third[-]degree murder is distinguishable from first[-]degree murder in that only first[-]degree murder requires the specific intent to kill." Commonwealth v. Williams, 980 A.2d 510, 525 (Pa. 2009) (citations omitted). Under Pennsylvania law, third-degree murder does not require a specific intent to kill but does require that one act with malice. Commonwealth v. Santos, 876 A.2d 360, 363 (Pa. 2005) (explaining third-degree murder requires proof of malice aforethought); Commonwealth v. Carter, 393 A.2d 13, 15 (Pa. 1978) ("Murder of the third[-]degree is an unlawful killing with malice expressed or implied, but absent any specific intent to take a life.") (citation omitted); United States v. Marrero, 743 F.3d 389, 401 (3d Cir. 2014) ("In Pennsylvania, third-degree murder is 'an unlawful killing with malice but without specific intent to kill.'" (quoting Commonwealth v. Dunphy, 20 A.3d 1215, 1219 (Pa. Super. 2011))). Malice is "intent[,] without justification or excuse, to commit a wrongful act." Black's Law Dictionary 1100 (10th ed. 2014). We have long held that malice includes "every case where there is wickedness of disposition, hardness of heart, cruelty, recklessness of consequences, and a mind regardless of social duty, although a particular person may not be intended to be injured." Commonwealth v. Drum, 58 Pa. 9, 15 (1868).

For these reasons, I join the Majority's decision affirming the Superior Court, which remanded for resentencing.