J-A14028-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellant | |
| v. | |
| JASON PATRICK MURRAY | |
| Appellee | No. 1664 MDA 2015 |

Appeal from the Order Entered August 26, 2015
In the Court of Common Pleas of Bradford County
Criminal Division at No(s): CP-08-CR-0000177-2015

BEFORE: BOWES, J., OTT, J., and PLATT, J.[*]

MEMORANDUM BY OTT, J.:                          **FILED JULY 06, 2016**

The Commonwealth appeals from the order entered August 26, 2015, in the Bradford County Court of Common Pleas, granting Jason Patrick Murray's pre-trial motion to dismiss a charge of driving under the influence of a controlled substance (hereinafter "DUI (drug offense)").[1]  Because we conclude the Commonwealth presented sufficient evidence to support a *prima facie* case that Murray was driving under the influence of a controlled substance, we reverse the order of the trial court[2] and remand for further proceedings.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] ***See*** 75 Pa.C.S. § 3802(d)(2).

[2] We note that the order on appeal also denied Murray's motion to suppress an out-of-court identification, and, accordingly, a summary parking offense
*(Footnote Continued Next Page)*

The facts underlying Murray's arrest were summarized by the trial court as follows:

> At approximately 1300 hours on September 23, 2014, [Emergency Medical Technician, Gill Crossett] was dispatched to the intersection of Bradford and Spring Streets in the Borough of Sayre, Pennsylvania, in response to a report of a person passed out behind the steering wheel of a pickup truck. Upon his arrival at Bradford and Spring Streets, Crossett found a white male passed out behind the steering wheel of a 2000 Chevrolet Silverado truck bearing [a] Pennsylvania registration [number]; the truck's engine was running. Crossett attempted to gain entry to the vehicle by opening the driver's door but found that the door was locked. Crossett then went to the door on the passenger's side of the truck, and the door being unlocked, he opened it and observed the driver, whom he later identified as [Murray]; there were no other persons in the truck. When Crossett first viewed [Murray], he noticed that [Murray's] arm on the inside of his elbow was bleeding and he also saw a needle with fresh blood on it on the floor board of the truck below [Murray]; Crossett then awakened [Murray] and requested that he exit the truck; at the time the request to exit was made, Crossett was … half inside and half outside of the truck. [Murray] then attempted to put the truck into motion, an act that caused Crossett to fear for his safety and so he reached over, shut off the truck's engine, and removed the ignition key. At this point, [Murray] reached into or around the truck's console, grabbed a metal spoon that appeared to have been "burnt" and a "small bag" containing an unidentified substance, exited the truck, and ran into a wooded area; neither the spoon nor the small bag was ever recovered. Officer [Travis] Snyder [of the Sayre Borough Police Department] arrived upon the

_(Footnote Continued)_ ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

is still pending against Murray. **See** Order, 8/26/2015. Because the order on appeal did not dispose of the entire case, the Commonwealth properly certified, in its notice of appeal, that the order on appeal will "terminate or substantially handicap the prosecution." Notice of Appeal, 9/25/2015. **See** Pa.R.A.P. 311(d).

scene at some point after [Murray] had run into the wooded area, interviewed Crossett, and oversaw the removal of the truck to the Sayre Borough Police Department. During an inventory search of the truck at the police station, Officer Snyder found, and took possession of, a wallet, a cell phone, and one hypodermic needle which were located on the driver-side floor of the truck. Examination of the contents of the wallet produced a driver license issued to Jason P. Murray; the license was later shown to Crossett and he identified the person whose picture was on the license as the person he had observed passed out in the truck. [It was later determined that the truck was owned by Murray's father, Francis Murray, who] appeared at the police station [later that evening to retrieve his truck].

Trial Court Memorandum Opinion and Order, 8/26/2015, at unnumbered 2-4 (footnote omitted).

Murray was subsequently charged with DUI (drug offense), a summary parking violation, possession of drug paraphernalia and recklessly endangering another person ("REAP").[3] On April 15, 2015, Murray filed an omnibus pre-trial motion, requesting that the trial court (1) grant a writ of habeas corpus, and dismiss the charge of DUI (drug offense), and (2) suppress Crossett's out-of-court identification. *See* Omnibus Motion, 4/15/2015. The trial court conducted a hearing on July 1, 2015. Thereafter, the Commonwealth dismissed the charges of possession of drug paraphernalia and REAP. On August 26, 2015, the trial court entered an order, granting Murray's petition for writ of habeas corpus and dismissing

_____

[3] 75 Pa.C.S. §§ 3802(d)(2) and 3353 (a)(2)(iii) (parking too close to a crosswalk), 35 P.S. § 780-113(a)(32), and 18 Pa.C.S. § 2705, respectively.

the charge of DUI (drug offense), but denying Murray's motion to suppress his identification. This timely Commonwealth appeal followed.[4]

On appeal, the Commonwealth contends the trial court erred when it determined the Commonwealth failed to present sufficient evidence to support a *prima facie* case of DUI (drug offense).

Our review of a trial court order granting a pretrial writ of habeas corpus is plenary. **Commonwealth v. Karetny**, 880 A.2d 505, 513 (Pa. 2005). "Indeed, the trial court is afforded no discretion in ascertaining whether, as a matter of law and in light of the facts presented to it, the Commonwealth has carried its pre-trial, *prima facie* burden to make out the elements of a charged crime." **Id.**

We review the court's ruling "by examining the evidence and reasonable inferences derived therefrom in a light most favorable to the Commonwealth." **Commonwealth v. Dantzler**, ___ A.3d ___, ___ (2016 PA Super 59, *2) (Pa. Super. 2016) (*en banc*). "Notably, the Commonwealth does not have to prove the defendant's guilt beyond a reasonable doubt." **Commonwealth v. Santos**, 876 A.2d 360, 363 (Pa. 2005). Rather, it must

---

[4] On September 29, 2015, the trial court ordered Murray to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Murray complied with the court's directive, and filed a concise statement that same day.

merely put forth sufficient evidence to establish a *prima facie* case of guilt. A *prima facie* case exists when the Commonwealth produces evidence of each of the material elements of the crime charged and establishes probable cause to warrant the belief that the accused committed the offense. Furthermore, the evidence need only be such that, if presented at trial and accepted as true, the judge would be warranted in permitting the case to be decided by the jury.

***Karetny***, ***supra***, 880 A.2d at 513-514 (internal citations omitted).

The crime of DUI (drug offense) is defined as follows:

(d) Controlled substances.--An individual may not drive, operate or be in actual physical control of the movement of a vehicle under any of the following circumstances:

. . .

> (2) The individual is under the influence of a drug or combination of drugs to a degree which impairs the individual's ability to safely drive, operate or be in actual physical control of the movement of the vehicle.

75 Pa.C.S. § 3802(d)(2). Therefore, to establish a *prima facie* case, the Commonwealth must present evidence that Murray was in physical control of the movement of the truck, while he was under the influence of a drug, which impaired his ability to operate the truck safely.

Here, the trial court found the Commonwealth presented sufficient evidence to demonstrate Murray was in "actual physical control of the movement of the vehicle under Pennsylvania law." Trial Court Memorandum Opinion and Order, 8/26/2015, at unnumbered 5-6.[5] However, the court

_____

[5] We agree with this finding by the trial court. When Crossett arrived at the scene, he observed Murray, "passed out behind the wheel" of a truck. N.T., 7/1/2015, at 4. Crossett testified the truck was "sittin' at a stop sign," with

*(Footnote Continued Next Page)*

ultimately concluded the Commonwealth lacked "evidence of physical impairment as a result of [Murray] being under the influence of a drug." ***Id.*** at 6. The court opined:

> Although a needle was seized, which, according to Officer Snyder's credible hearing testimony was a hypodermic needle of the type usually attached to a syringe, there was no evidence to indicate the presence of a drug. Similarly, the contents of the bag removed from the truck by [Murray] at the time of his precipitous exit from the vehicle was never identified. There was no evidence showing the nature of the spoon taken from the truck by [Murray]. There was no evidence to show the source or cause of the flow of blood observed on [Murray's] arm by Crossett. Even circumstantially in light most favorable to the Commonwealth, there is insufficient evidence that sufficiently establishes both the commission of a crime and that the accused is probably the perpetrator of that crime.

***Id.***

The Commonwealth contends, however, that the evidence presented at the pre-trial hearing was sufficient to establish a *prima facie* case that Murray was under the influence of a controlled substance. It emphasizes Murray was found unresponsive in the driver's seat of a running vehicle. He had a spot of blood on his arm, and a hypodermic needle, with an empty

_(Footnote Continued)_ ────────────────

the engine running, and the gearshift in park. ***Id.*** at 3-4. These facts presented sufficient evidence for a jury to infer Murray was in actual physical control of the movement of a vehicle, and that he had, in fact, driven to the scene. ***See Commonwealth v. Toland***, 995 A.2d 1242, 1246 (Pa. Super. 2010) (evidence sufficient to find defendant was in control of the movement of a vehicle when he was found "asleep in the driver's seat of the vehicle with the motor running and the headlights illuminated[;]" there was also an unopened six-pack of beer in the car and no store nearby that sold alcoholic beverages), *appeal denied*, 29 A.3d 797 (Pa. 2011).

syringe, was recovered on the driver-side floor board. Moreover, Crossett testified that after Murray awoke, he grabbed a small bag and a spoon with burnt residue before fleeing the scene. Accordingly, the Commonwealth asserts Murray's "physical appearance combined with evidence of the presence of various items of purported drug paraphernalia in the vicinity of where [Murray] was seated" was sufficient to establish a *prima facie* case. Commonwealth's Brief at 5.

Upon our review of the certified record, we are constrained to reverse the order of the trial court. The facts and reasonable inferences drawn therefrom, viewed in the light most favorable to the Commonwealth, establish that Crossett found Murray unresponsive in a running motor vehicle at 1:00 in the afternoon. *See* Affidavit of Probable Cause, 10/17/2014. Crossett observed a hypodermic needle with a syringe, and a kitchen spoon with burnt residue, both on top of the middle console, and a spot of blood on the inside of Murray's arm. N.T., 7/1/2015, at 5-6. When Crossett awakened Murray, Murray "tried to put the truck into drive," but Crossett was able to confiscate the keys. *Id.* at 7. Crossett then asked Murray to unlock the driver's side door, and Murray "started shoving stuff into his pocket, got out [the driver's side] door, ran around my partner and ran across the street, down towards the railroad tracks." *Id.* at 8. Crossett

saw Murray grab the spoon and small, square plastic "packets of stuff."[6] *Id.* Furthermore, Officer Snyder stated that when he arrived at the scene a short time later, he found, on the driver-side floorboard, a hypodermic needle with blood on the tip, attached to an expended syringe. *Id.* at 18, 23.

We conclude the above-stated testimony was sufficient to establish probable cause that Murray was under the influence of a controlled substance, which impaired his ability to drive safely.[7] Although there may be a rational explanation for Murray's actions, at this stage in the proceedings, the Commonwealth is not required to "prove the defendant's guilt beyond a reasonable doubt." *Santos*, *supra*, 876 A.2d at 363.

Accordingly, because we find the trial court erred in granting Murray's petition for writ of habeas corpus, and dismissing the charge of DUI (drug offense), we reverse the order of the trial court and remand for further proceedings.

Order reversed.[8] Case remanded. Jurisdiction relinquished.

---

[6] Crossett stated he "believe[d] the needle fell [on the floorboard] when [Murray] was shoving stuff in his pocket[.]" N.T., 7/1/2015, at 14.

[7] We might have found the trial court's ruling more persuasive if the police had not secured possession of the hypodermic needle found on the floor of the truck. Indeed, the Commonwealth indicated at argument that it intends to test the contents of the syringe prior to Murray's trial.

[8] Our decision does not affect that portion of the court's August 26, 2015, order denying Murray's motion to suppress an out-of-court identification.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/6/2016