J-S01045-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| MILTON MARTINEZ | : | No. 583 MDA 2016 |

Appeal from the Order entered April 5, 2016
in the Court of Common Pleas of York County,
Criminal Division, No(s): CP-67-CR-0002330-2015

BEFORE:  GANTMAN, P.J., DUBOW and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:　　　　　　**FILED MARCH 28, 2017**

The Commonwealth of Pennsylvania appeals from the Order granting the Petition for Writ of *Habeas Corpus* filed by Milton Martinez ("Martinez"). We affirm.

In its Opinion, the trial court set forth the factual history underlying the instant appeal, which we adopt as though fully restated herein.  ***See*** Trial Court Opinion, 4/5/16, at 2-5.

Briefly, while Martinez was driving his pickup truck on Interstate 83 in York County, a mattress fell from the bed of the truck and onto the highway. Three to four mattresses, tied with string, remained in the bed of the truck. Two vehicles stopped behind the mattress on the highway.  A tractor-trailer then struck the vehicles from behind, killing one person and injuring a second person.

Police subsequently charged Martinez with one count each of homicide by vehicle, aggravated assault by vehicle and involuntary manslaughter; and two counts of recklessly endangering another person.[1] Martinez filed a Petition for Writ of *Habeas Corpus*. After a hearing, the trial court granted Martinez's Petition. Thereafter, the Commonwealth filed the instant timely appeal, and a Pa.R.A.P. 311(d) Certification that the trial court's Order will terminate or substantially handicap the prosecution of the offense.

The Commonwealth presents the following claim for our review:

> DID THE TRIAL COURT ERR IN GRANTING [MARTINEZ'S] PETITION FOR WRIT OF *HABEAS CORPUS*, HOLDING THAT THE COMMONWEALTH DID NOT MAKE OUT A *PRIMA FACIE* CASE AGAINST [MARTINEZ]?

Brief for the Commonwealth at 4.

The Commonwealth claims that in granting Martinez's Petition, the trial court improperly "used a weight analysis, wholly ignoring well-established law that credibility is not at issue in a *prima facie* preliminary hearing." *Id.* at 16. The Commonwealth asserts that "weight and credibility of evidence are *not* factors at this stage of proceedings." *Id.* at 17 (emphasis in original). According to the Commonwealth, it presented evidence that Martinez acted recklessly. *Id.* at 20. In support, the Commonwealth states that Martinez drove on Interstate 83 with several mattresses stacked on the top of the sides of the truck bed, and that Martinez "improperly" tied the mattresses down to his truck with "lightweight string." *Id.* at 21. The

---

[1] *See* 75 Pa.C.S.A. §§ 3732, 3732.1; 18 Pa.C.S.A. §§ 2504, 2705.

Commonwealth contends that Martinez "did not sufficiently tie the mattresses to his truck is evidenced by the fact that one of the mattresses came loose on the highway, flew in the air, and landed in the center of the right lane of [Interstate] 83." *Id.* After the accident, the string "was dangling loosely" and was not "secured tightly in any fashion." *Id.* (citation omitted). The Commonwealth further argues that the trial court improperly relied on the actions of Pennsylvania State Trooper Matthew Kabacinski ("Trooper Kabacinski") in addressing whether Martinez had acted recklessly. *Id.* at 22-23.

In reviewing a trial court's order granting a defendant's petition for writ of *habeas corpus*,

> we must generally consider whether the record supports the trial court's findings, and whether the inferences and legal conclusions drawn from those findings are free from error. A trial court may grant a defendant's petition for writ habeas corpus where the Commonwealth has failed to present a *prima facie* case against the defendant. A *prima facie* case exists when the Commonwealth produces evidence of each of the material elements of the crime charged and establishes sufficient probable cause to warrant the belief that the accused committed the offense. Notably, the Commonwealth does not have to prove the defendant's guilt beyond a reasonable doubt. Further, the evidence must be considered in the light most favorable to the Commonwealth so that inferences that would support a guilty verdict are given effect.

*Commonwealth v. Santos*, 876 A.2d 360, 363 (Pa. 2005) (internal quotation marks and citations omitted).

In its Opinion addressing Martinez's Petition for Writ of *Habeas Corpus*, and its Opinion filed pursuant to Pa.R.A.P. 1925(a), the trial court set forth

its reasons for granting *habeas corpus* relief, and addressed the Commonwealth's claim raised on appeal. **See** Trial Court Opinion, 7/7/16, at 2-5; Trial Court Opinion, 4/6/16, at 5-7, 10-12. We agree with the trial court's reasoning and conclusion, as set forth in its Opinions, and affirm on this basis. **See** Trial Court Opinion, 7/7/16, at 2-5; Trial Court Opinion, 4/6/16, at 5-7, 10-12.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/28/2017