J-S40020-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| CHRISTOPHER VINSON | : | |
| | : | |
| Appellee | : | No. 3961 EDA 2017 |

Appeal from the Order Entered October 23, 2017
in the Court of Common Pleas of Delaware County
Criminal Division at No.: CP-23-CR-0004806-2017

BEFORE: LAZARUS, J., DUBOW, J., and PLATT*, J.

JUDGMENT ORDER BY PLATT, J.: **FILED SEPTEMBER 18, 2018**

The Commonwealth appeals[1] from the order granting a *habeas corpus* "motion for discharge" as to aggravated assault and simple assault. Appellee, Christopher Vinson,[2] struck a nurse, and fled. The Commonwealth contends it presented a *prima facie* case that Appellee caused bodily injury under 18 Pa.C.S.A. § 2702(a)(3). We conclude that the trial court, in granting the

_____

[1] In the notice of appeal, the Commonwealth certified under Pa.R.A.P. 311(d) that the order will terminate or substantially handicap the prosecution. (**See** Notice of Appeal, 11/22/17).

[2] Appellee Vinson identifies as a female and prefers the use of female pronouns. (**See** Appellee's Brief, at 4 n.1).

_____

\* Retired Senior Judge assigned to the Superior Court.

*habeas* motion, erroneously viewed the evidence in the light most favorable to Appellee Vinson. Accordingly, we reverse and remand.

The facts are not in substantial dispute.[3] On February 2, 2017, at about 6:10 a.m., Amy Botta, a registered nurse, was working in the emergency room at Mercy Fitzgerald Hospital in Delaware County, Pennsylvania. She informed Appellee, as instructed, (and as "multiple" other staff had done before her for half an hour), that Appellee had been discharged and the hospital needed the bed. This time, Appellee sat up in the bed, swung her arm at Nurse Botta, and struck her in the face, causing redness and soreness for several days. Appellee immediately fled the hospital.

Another nurse witnessed the incident from the hallway. Hospital staff called the police, who charged Appellee with aggravated assault, 18 Pa.C.S.A. § 2702(a)(3); simple assault, 18 Pa.C.S.A. § 2701; and harassment, 18 Pa.C.S.A. § 2709.

After a preliminary hearing, Appellee filed the *habeas* motion, which the trial court granted. The Commonwealth filed this appeal after the trial court denied its motion for reconsideration. Both the Commonwealth and the court complied with Pa.R.A.P. 1925. The trial court opinion concluded that the Commonwealth failed to establish a *prima facie* case of aggravated and simple assault. (**See** Trial Court Opinion, 1/10/18, at 2, 5).

_____

[3] Ms. Botta was the only witness who testified at the preliminary hearing.

The Commonwealth raises one question on appeal, which we summarize as follows: Viewing the evidence in the light most favorable to the Commonwealth, did the Commonwealth present a *prima facie* case that Appellee attempted to cause or knowingly, intentionally, or recklessly caused bodily injury to the nurse?  (**See** Commonwealth's Brief, at 1).

The Commonwealth's issue implicates the grant of the *habeas* motion. Our scope and standard of review is well-settled:

> We review a trial court's grant [or denial] of a pre-trial *habeas corpus* motion *de novo* and our scope of review is plenary. **See Commonwealth v. Dantzler**, 135 A.3d 1109, 1112 (Pa. Super. 2016) (*en banc*).

As this Court explained in **Dantzler**:

> A pre-trial *habeas corpus* motion is the proper means for testing whether the Commonwealth has sufficient evidence to establish a *prima facie* case.  To demonstrate that a *prima facie* case exists, the Commonwealth must produce evidence of every material element of the charged offense(s) as well as the defendant's complicity therein.  To meet its burden, the Commonwealth may utilize the evidence presented at the preliminary hearing and also may submit additional proof.

> **Id.** (internal quotation marks and citations omitted).

**Commonwealth v. Carper**, 172 A.3d 613, 620 (Pa. Super. 2017), *appeal denied*, 184 A.3d 540 (Pa. 2018).

> In reviewing a trial court's order granting [or denying] a defendant's petition for writ of *habeas corpus*, we "must generally consider whether the record supports the trial court's findings, and whether the inferences and legal conclusions drawn from those findings are free from error." . . .  **Notably, the Commonwealth does not have to prove the defendant's guilt beyond a reasonable doubt.**  Further, the evidence must be considered in

the **light most favorable to the Commonwealth so that inferences that would support a guilty verdict are given effect**.

*Commonwealth v. Santos*, 876 A.2d 360, 363 (Pa. 2005) (citations omitted) (emphasis added).

Here, on independent review, we conclude that the Commonwealth presented evidence at the preliminary hearing which, viewed in the light most favorable to it, was plainly sufficient to establish a *prima facie* case.

The Commonwealth's evidence showed that Appellee struck Ms. Botta, who as a registered nurse is a specially protected member of an enumerated class, emergency medical services personnel, who was engaged in the performance of duty, and working within the scope of her employment. *See* 18 Pa.C.S.A. § 2702(c)(21), (d). Nurse Botta was indisputably injured. Under section 2702(a)(3), the Commonwealth was not required to prove that she was seriously injured. *Compare* section 2702(a)(1) and (2) with 2702(a)(3).

The trial court's suggestion that Appellee may have been sleeping and rolled over, (*see* Trial Ct. Op., at 4-5), is belied by the record and in any event fails to consider the evidence in the light most favorable to the Commonwealth. *See Santos*, *supra* at 363. We are constrained to conclude that the trial court erred in reviewing the record and granting *habeas corpus*.

Order reversed and remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/18/18