J-S34010-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSE EDUARDO SALAZAR-ORTIZ, | : | |
| SR. | : | |
| | : | No. 1038 WDA 2023 |
| Appellant | | |

Appeal from the Judgment of Sentence Entered August 8, 2023
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0006705-2020

BEFORE:   DUBOW, J., LANE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY DUBOW, J.:                    **FILED:  November 5, 2024**

Appellant, Jose Eduardo Salazar-Ortiz, Sr., appeals from the Judgment of Sentence entered after a bench trial in the Allegheny County Court of Common Pleas following his conviction of Third-Degree Murder and other charges imposed in connection with his three-year-old daughter's death from abuse and neglect. Appellant challenges the sufficiency of the evidence supporting his convictions. After careful review, we affirm.

The relevant facts and procedural history are as follows. On June 8, 2020, Appellant's daughter died at the age of three as a result of complications from severe abuse and neglect perpetrated by Appellant, his fiancée, and his sister-in-law. The Commonwealth charged Appellant with Criminal Homicide,

---

[*] Former Justice specially assigned to the Superior Court.

two counts of Aggravated Assault, Endangering the Welfare of a Child, and Criminal Conspiracy.[1]

During Appellant's three-day bench trial, the prosecution presented, *inter alia*, a comprehensive review of text messages exchanged between Appellant and his fiancée, Laura Ramriez[2] ("Ramriez"), during the final year of his daughter's life. In these messages, Appellant and Ramriez extensively discussed and planned the child's abuse. The messages also contained photographic evidence of the child's abuse and deterioration. The Commonwealth's theory at trial was that Ramriez was primarily responsible for inflicting the physical injuries,[3] but that Appellant was complicit in the abusive conduct.

On May 11, 2023, the court found Appellant guilty of Third-Degree Murder,[4] two counts of Aggravated Assault, Endangering the Welfare of a Child, and Conspiracy to Commit Third-Degree Murder. The court ordered a Pre-Sentence Investigative Report and deferred sentencing.

_____

[1] 18 Pa.C.S. §§ 2501(a), 2702(a)(1), 2702(a)(9), and 903(a)(1), respectively.

[2] The trial court and parties refer to Appellant's fiancée as Laura Ramriez, while the notes of testimony spell her last name Ramirez. It appears, however, that the correct spelling is "Ramirez."

[3] The trial court found Ramriez guilty of First-Degree Murder in a separate bench trial.

[4] 18 Pa.C.S. §§ 2502(c).

On August 8, 2023, the court sentenced Appellant to an aggregate term of 33 to 66 years of imprisonment. Appellant did not file any post-sentence motions.

This appeal followed. Both Appellant and the Trial Court complied with Pa.R.A.P. 1925.

Appellant raises the following issues on appeal:

1. Was the evidence at trial insufficient to support [Appellant's] conviction for third-degree murder because the Commonwealth failed to elicit evidence demonstrating that [Appellant's] acts and omissions were accompanied by [Appellant's] malice . . . or that he was legally responsible for others' acts or omissions committed with malice?

2. Was the evidence at trial insufficient to support [Appellant's] conviction for third-degree murder because the Commonwealth failed to elicit evidence that [Appellant's] acts and omissions, particularly as compared to those of other individuals, caused the victim's death?

3. Was the evidence at trial insufficient to support [Appellant's] conviction for aggravated assault because the Commonwealth failed to elicit evidence demonstrating that [Appellant's] acts and omissions were accompanied by [Appellant's] malice?

4. Was the evidence at trial insufficient to support [Appellant's] conviction for criminal conspiracy because the Commonwealth failed to elicit evidence that [Appellant] agreed to commit the alleged object crime?

5. Was the evidence at trial insufficient to support [Appellant's] conviction for criminal conspiracy because conspiracy to commit third-degree murder is a legal impossibility?

Appellant's Br. at 5.

Appellant raises issues challenging the sufficiency of the evidence supporting his convictions. "A claim challenging the sufficiency of the evidence is a question of law." *Commonwealth v. Widmer*, 744 A.2d 745, 751 (Pa.

2000). "We review claims regarding the sufficiency of the evidence by considering whether, viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt." *Commonwealth v. Miller*, 172 A.3d 632, 640 (Pa. Super. 2017) (internal quotation marks and citation omitted). "Further, a conviction may be sustained wholly on circumstantial evidence, and the trier of fact—while passing on the credibility of the witnesses and the weight of the evidence—is free to believe all, part, or none of the evidence." *Id.* "In conducting this review, the appellate court may not weigh the evidence and substitute its judgment for the fact-finder." *Id.*

## A.

In his first two issues, Appellant challenges the sufficiency of the evidence supporting his conviction of Third-Degree Murder. Appellant's Br. 18-33. Appellant argues that "while [Appellant] may have acted negligently or recklessly, the evidence does not show that he knowingly disregarded a virtually certain risk of death or serious bodily injury" and that "the Commonwealth relied on evidence of Ramriez's malice and imputed it to [Appellant]." *Id.* at 27. Appellant also argues that his actions were not the cause of victim's death because "[t]he Commonwealth focused on presenting evidence that Ramriez caused the death of the victim and attempted to impute these actions to [Appellant] via speculative inferences that he was aware of the deprivations of food or approved of the abuse." *Id.* at 32.

Our Crimes Code defines three degrees of homicide. ***See*** 18 Pa.C.S. §§ 2501, 2502. To convict a defendant of Third-Degree Murder under Section 2502(c), the Commonwealth "need only prove that the defendant killed another person with malice aforethought." ***Commonwealth v. Santos***, 876 A.2d 360, 363 (Pa. 2005). "This Court has long held that malice comprehends not only a particular ill-will, but … [also a] wickedness of disposition, hardness of heart, recklessness of consequences, and a mind regardless of social duty, although a particular person may not be intended to be injured." ***Id.*** (citation, emphasis, and internal quotation marks omitted).

Further, "malice is present under circumstances where a defendant did not have an intent to kill, but nevertheless displayed a conscious disregard for an unjustified and extremely high risk that his actions might cause death or serious bodily harm." ***Commonwealth v. Packer***, 168 A.3d 161, 168 (Pa. 2017) (internal quotation marks and citations omitted).

The trial court addressed Appellant's claims that the Commonwealth failed to establish malice and causation as follows:

> His claim that his inaction or omissions are not criminal defies three days of testimony and 220 exhibits, which include a disturbing narrative of text messages between Appellant and Ramriez. He knew from thousands of text messages and pictures that his daughter was being subjected to physical beatings and psychological torment during the last year of her life. Appellant knew what a healthy child looked like and how one should be cared for . . . . Appellant was far from blind to the abuse. He was complicit and through his own words actively participated in the abuse and starvation . . . ."

Tr. Ct. Op., 12/21/23 at 15-16.

Viewing the evidence in the light most favorable to the Commonwealth as verdict winner, our review confirms that the Commonwealth presented overwhelming evidence that Appellant consciously disregarded an unjustified or extremely high risk that his actions might cause his daughter's death or serious bodily injury. *See Packer*, 168 A.3d at 168. It is far from speculative to conclude that Appellant was aware of the food deprivation and severe abuse. In fact, there is an extensive evidentiary record of text messages where Appellant encourages and admits to participating in that very conduct. Accordingly, Appellant's challenge to the sufficiency of the evidence supporting his Third-Degree Murder conviction fails to merit relief.

**B.**

Appellant next challenges the sufficiency of the evidence supporting his conviction of two counts of Aggravated Assault. Appellant's Br. at 33-40. Appellant argues that "[s]imilar to [Appellant's] conviction for third-degree murder, the Commonwealth presented insufficient evidence of [Appellant's] own malice." *Id.* at 33.

Appellant was convicted of two counts of Aggravated Assault under 18 Pa.C.S. § 2702(a)(1) and (a)(9). Both subsections require that a person attempt to cause or intentionally, knowingly, or recklessly cause serious bodily injury to another. 18 Pa.C.S. §§ 2702(a)(1), (9). Subsection (a)(1) requires that the act be under circumstances manifesting "extreme indifference to the value of human life," while subsection (a)(9) has an age-specific requirement

that the act be perpetrated against a child less than 13 years of age by a person 18 years of age or older. ***Id.***

"[T]he *mens rea* required for a conviction of aggravated assault, like third-degree murder, is malice[.]"***Packer***, 168 A.3d at 168. "There is no distinction between the malice essential to third degree murder and that necessary for aggravated assault." ***Commonwealth v. Kling***, 731 A.2d 145, 147 (Pa. Super. 1999). Further, the Commonwealth can prove intent to cause serious bodily injury by wholly circumstantial evidence, and the factfinder may infer intent from acts or conduct, or from attendant circumstances. ***Commonwealth v. Holley***, 945 A.2d 241, 247 (Pa. Super. 2008).

The trial court concluded that "the record supports that Appellant acted with malice in his prolonged physical abuse of [his daughter]." Tr. Ct. Op., 12/21/23, at 23. Viewing the evidence in the light most favorable to the Commonwealth as verdict winner, our review confirms that the text messages exchanged between Appellant and Ramriez present overwhelming evidence that Appellant "intentionally, knowingly, or recklessly" caused serious bodily injury to his daughter under circumstances manifesting extreme indifference to the value of human life. ***See*** 18 Pa.C.S. § 2702(a)(1).

Similarly, there is sufficient evidence to support that Appellant was over the age of 18 when he "intentionally, knowingly, or recklessly" caused serious bodily injury to his three-year-old daughter. ***See*** 18 Pa.C.S. § 2702(a)(9).

Accordingly, Appellant's challenge to the sufficiency of the evidence supporting his conviction of two counts of Aggravated Assault fails to merit relief.

**C.**

In his fourth issue, Appellant challenges the sufficiency of the evidence supporting his conviction of Criminal Conspiracy to Commit Third-Degree Murder. Appellant's Br. at 40-45. Appellant avers that the "Commonwealth failed to elicit any evidence that [Appellant] agreed to commit the substantive crime" and relied on "speculative inferences from the text messages" exchanged between Appellant and Ramriez. *Id.* at 40, 42. Appellant also argues that while Ramriez was convicted of First-Degree Murder, he was convicted of Third-Degree Murder, demonstrating a "lack of agreement between the two as to the object of the conspiracy." *Id.* at 45.

"To sustain a conviction for criminal conspiracy, the Commonwealth must establish that the defendant (1) entered an agreement to commit or aid in an unlawful act with another person or persons, (2) with a shared criminal intent and, (3) an overt act was done in furtherance of the conspiracy." *Commonwealth v. Rios*, 684 A.2d 1025, 1030 (Pa. 1996); *see also* 18 Pa.C.S. § 903. A conspiracy is almost always proved through circumstantial evidence. *Commonwealth v. Swerdlow*, 636 A.2d 1173, 1177 (Pa. Super. 1994).

Co-conspirators do not conspire to commit a denominated offense, but rather conspire to engage in certain conduct. *Commonwealth v. Fisher*, 80

A.3d 1186, 1195 (Pa. 2013) (finding that a conviction for Conspiracy to Commit Third-Degree Murder is a cognizable offense because defendants agreed to engage in the intentional, malicious attack of the victim without regard to the consequences of that act). Once there is evidence of a conspiracy, conspirators are liable for the acts of co-conspirators committed in furtherance of the conspiracy. *Commonwealth v. Galindes*, 786 A.2d 1004, 1011 (Pa. Super 2001).

The trial court found that the Commonwealth's evidence "demonstrated Appellant's knowledge of Ramriez's conduct, as well as his agreement and encouragement of her actions." Tr. Ct. Op., 12/21/23, at 27. Viewing the evidence in the light most favorable to the Commonwealth as verdict winner, our review confirms that the Commonwealth presented overwhelming evidence that Appellant and Ramriez conspired to abuse the child, resulting in her death. It is irrelevant whether Appellant and Ramriez explicitly agreed to cause the victim's death because the text messages documented their agreement as to the abusive conduct. *See Fisher*, 80 A.3d at 1195. Accordingly, Appellant's challenge to the sufficiency of the evidence supporting his conviction of Criminal Conspiracy to Commit Third-Degree Murder fails to merit relief.

## D.

In his fifth and final issue, Appellant argues that Conspiracy to Commit Third-Degree Murder is a legal impossibility because conspiracy is a crime of

specific intent while third-degree murder is a killing done without the specific intent to kill. Appellant's Br. at 46.

As Appellant admits in his brief, the Pennsylvania Supreme Court has rejected this very theory in **Fisher, supra**. **Id.** at 47. The Superior Court must follow the High Court's mandates and lacks the authority to determine that its decisions are no longer controlling. **Walnut St. Assocs., Inc. v. Brokerage Concepts, Inc.**, 20 A.3d 468, 480 (Pa. 2011). This issue is, therefore, without merit.

**E.**

As we find none of Appellant's issues on appeal merit relief, we affirm his Judgment of Sentence.

Judgment of Sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: <u>11/5/2024</u>