J-S04023-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA    :    IN THE SUPERIOR COURT OF
                                :           PENNSYLVANIA
                                :
            v.                  :
                                :
                                :
                                :
FRANCISCO MEDINA                :
                                :
            Appellant           :    No. 1125 EDA 2024

Appeal from the Judgment of Sentence Entered December 14, 2023
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0007960-2021

BEFORE: OLSON, J., STABILE, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY STABILE, J.:              **FILED APRIL 30, 2025**

Appellant, Francisco Medina, appeals from his judgment of sentence of

22½-45 years' imprisonment for third-degree murder and carrying firearms

without a license. We affirm.

The trial court accurately recounted the evidence adduced during trial

as follows:

> On April 6, 2021, at approximately 1:00 p.m., a group of men,
> including the decedent, Wilfredo "Louisa" Couvertier, were
> hanging out near the corner of the 800 block of East Madison
> Street in the Kensington area of Philadelphia when the decedent
> stepped away from the group and walked up the block to where
> [Appellant], Francisco Medina, was standing. The two began
> arguing over the sale of narcotics, during which the decedent
> punched [Appellant] in the face and knocked him to the ground.
> Dewell Gomez ("Gomez"), one of the men on the corner, testified
> that he saw [Appellant] get up and walk to 812 Madison Street, a
> stash house occupied by [Appellant]'s girlfriend. Gomez followed
> [Appellant] into the house and saw [Appellant] forcibly take his

_____

[*] Retired Senior Judge assigned to the Superior Court.

girlfriend's revolver from her before he walked back out of the house towards the decedent. Gomez followed [Appellant] out of the house, yelling for the decedent to run.

As the decedent turned around, [Appellant] shot him once in the chest before fleeing the scene. The bullet travelled through the right side of the decedent's torso, through his diaphragm and stomach and lodged in his spleen. The decedent was taken by another member of the group to Episcopal Hospital where he was pronounced dead at 1:22 PM.

On May 19, 2021, a search warrant was executed at [Appellant]'s residence at 2937 Weikel Street. [Appellant] was found in the basement of the house and arrested. A .357 Magnum revolver was found near [Appellant] in the basement under the stairs. The bullet specimen recovered from within the decedent's spleen matched the .357 Magnum revolver found in [Appellant]'s basement.

Trial Court Opinion, 5/21/24, at 2-3 (record citations omitted).

The Commonwealth argued that Appellant was guilty of first-degree murder, while Appellant argued that he was at most guilty of voluntary manslaughter. The jury returned a verdict of guilty on third-degree murder.

On December 14, 2023, the court imposed sentence. Appellant filed timely post-sentence motions challenging the sufficiency and weight of the evidence. On February 22, 2024, the court denied Appellant's post-sentence motions, but due to an error in the court's electronic filing system, defense counsel did not receive electronic notice of the court's order denying post-sentence motions. On March 30, 2024, upon learning of the order, counsel filed a motion to reinstate Appellant's direct appeal rights *nunc pro tunc*. The court granted this motion, and Appellant promptly appealed to this Court. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises two issues in this appeal, which we re-order for the sake of convenience:

> 1. Whether the Appellant's conviction for Murder in the Third Degree is based upon insufficient evidence of the malice necessary for Third Degree Murder where the Commonwealth's evidence established that the Appellant acted with rage and anger after the provocation of being punched by the victim and knocked to the ground?
>
> 2. Whether the Appellant's conviction for Murder in the Third Degree is against the weight of the evidence where the evidence established that the Appellant acted with extreme rage and anger and humiliation after the provocation of being punched by the victim and knocked to the ground?

Appellant's Brief at 6.

We first review Appellant's challenge to the sufficiency of the evidence supporting his third-degree murder conviction. Our standard of review is

> whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact, while passing upon the credibility of witnesses and the weight of the evidence produced is free to believe all, part or none of the evidence.

***Commonwealth v. Smith***, 206 A.3d 551, 557 (Pa. Super. 2019).

- 3 -

The trial court reasoned that the evidence was sufficient to demonstrate the element of malice:

> Third-degree murder is defined as "'all other kinds of murder,' *i.e.*, those committed with malice that are not intentional (first-degree) or committed during the perpetration of a felony (second-degree)." **Commonwealth v. Packer**, 168 A.3d 161, 168 (Pa. 2017) (holding that the evidence was sufficient to support a finding of malice to sustain defendant's conviction for third-degree murder); **see also** 18 Pa.C.S.[A.] § 2502(c).  The *mens rea* required for a conviction of third-degree murder is malice.  **Id.** Pennsylvania courts have "consistently held that malice is present under circumstances where a defendant did not have an intent to kill, but nevertheless displayed a conscious disregard for 'an unjustified and extremely high risk that his actions might cause death or serious bodily harm.'" **Id.** (citing **Commonwealth v. Santos**, 876 A.2d 360, 364 (Pa. 2005)).  Malice may be inferred from a defendant's use of a weapon on a vital part of the victim's body. **Commonwealth v. Truong**, 36 A.3d 592, 598 (Pa. Super. 2012); **Commonwealth v. Gooding**, 818 A.2d 546, 550 (Pa. Super. 2003).
>
> The evidence put forth at trial was sufficient to sustain a conviction for Third-Degree Murder.  Two witnesses testified that they saw [Appellant] shoot the decedent.  Further, [Appellant] was arrested with the revolver that ballistics investigators matched to the bullet specimen recovered from the decedent's spleen.  After being punched one time, [Appellant] chose to escalate the situation by responding to a punch in the face with a gunshot to the chest.  [Appellant] was no longer in imminent danger after the initial punch, as he calmly and freely stood up and walked into the stash house on 812 Madison Street.  He could have chosen to stay in the house if he felt any lingering danger, but instead he procured a handgun and continued the use of force as he walked out of the house, approached the decedent, and, without saying a word, shot him in the torso. **Commonwealth v. Ventura**, 975 A.2d 1128, 1143 (Pa. Super. 2009) (upholding conviction for Third Degree Murder where malice was inferred from the use of a deadly weapon on a vital part of the victim's body, retreat was possible, and retreat would not have exposed [Appellant] to additional harm).

Trial Court Opinion, 5/21/24, at 3-4. We agree with this reasoning and conclude that Appellant's challenge to the sufficiency of the evidence is devoid of merit.

Next, Appellant contends that the trial court erred by denying his challenge to the weight of the evidence. We conclude that the trial court properly rejected this challenge.

An allegation that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. **Commonwealth v. Thomas**, 194 A.3d 159, 167 (Pa. Super. 2018). A trial court may only find that the verdict is against the weight of the evidence when it is so contrary to the evidence as to shock one's sense of justice. **Id.** The defendant is not entitled to relief on a weight claim because of a mere conflict in the testimony or because a different judge on the same facts would have arrived at a different conclusion, but only where "certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice." **Commonwealth v. Clay**, 64 A.3d 1049, 1055 (Pa. 2013). In arguing that the verdict is contrary to the weight of the evidence, the defendant concedes that there is sufficient evidence to sustain the verdict. **Commonwealth v. Landis**, 89 A.3d 694, 699 (Pa. Super. 2014).

Appellant claims that the verdict was against the weight of the evidence because "it is shocking to one's sense of justice that the jury concluded that

the Appellant did not commit this homicide under the heat of passion." Appellant's Brief at 16.

Heat of passion is a partial defense that can mitigate first-degree murder to voluntary manslaughter. *Commonwealth v. Hutchinson*, 25 A.3d 277, 314 (Pa. 2011). To establish heat of passion, the defendant must show that "at the time of the killing, [he] was acting under a sudden and intense passion resulting from serious provocation by the victim." *Id.* An objective test determines whether the provocation was sufficient to support a heat-of-passion defense: whether a reasonable man who was confronted with the provoking events would become "impassioned to the extent that his mind was incapable of cool reflection." *Id.* at 314-15. Additionally, the defendant must show that he did not have sufficient cooling off time between the provocation and the killing. *Commonwealth v. Mason*, 130 A.3d 601, 628 (Pa. 2015).

The trial court acted within its discretion by determining that the jury's rejection of voluntary manslaughter was not so contrary to the evidence as to shock the court's sense of justice. While Appellant might have found it embarrassing to be punched and knocked to the ground by the victim, Appellant was not in danger after this incident and had sufficient time to cool down thereafter. Nevertheless, Appellant made the deliberate choice to go into a nearby house, procure a handgun, return outside and shoot the victim in the chest. It was within the court's discretion to conclude that a reasonable person confronted with these events would not have become impassioned to

the extent that his mind was incapable of cool reflection. The court's decision is supported by appellate decisions that mere words of provocation or minor physical assaults are insufficient to reduce murder to voluntary manslaughter. *See Commonwealth v. Sheppard*, 648 A.2d 563, 566 (Pa. Super. 1994) (serious provocation not established where victim struck appellant's brother and argument ensued between appellant and victim); *Commonwealth v. Cartagena*, 416 A.2d 560, 563 (Pa. Super. 1979) (punch by victim was not legally adequate provocation for appellant to stab victim).

For these reasons, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/30/2025