J-S83008-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| STANLEY NEWELL | : | |
| | : | |
| Appellant | : | No. 751 EDA 2017 |

Appeal from the Judgment of Sentence January 30, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0001491-2016

BEFORE:  GANTMAN, P.J., OLSON, J., and DUBOW, J.

MEMORANDUM BY DUBOW, J.:                    **FILED MARCH 23, 2018**

Appellant, Stanley Newell, appeals from the Judgment of Sentence entered in the Philadelphia County Court of Common Pleas on January 30, 2017.  After careful review, we affirm.

In an Opinion filed on March 29, 2017, the trial court detailed the factual history underlying the instant appeal.  ***See*** Trial Court Opinion, 3/29/17, at 2-4.  We adopt the trial court's recitation of the facts for the purpose of this appeal.  ***See id***.  In summary, on September 12, 2015, a gunfire fight erupted between members of rival motorcycle gangs at an event hall in North Philadelphia, during which Appellant shot and killed a rival gang member.  Police arrested Appellant and charged him with one count each of Third-Degree Murder, Firearms not to be Carried without a License ("VUFA 6106"), Carrying a Firearm on a Public Street in Philadelphia

("VUFA 6108"), Possession of an Instrument of Crime ("PIC"), and Possession of a Firearm by a Person Prohibited.[1]

On November 3, 2016, Appellant filed a Motion to Suppress Statement seeking to suppress the statement he had made to police officers. In his Motion, Appellant alleged that, even though the officers had advised him of his **Miranda**[2] rights, they did not ask Appellant if he wanted a lawyer present while they questioned him. **See** Motion, 11/3/16 at ¶ 4. The court denied Appellant's Motion on November 7, 2016, and permitted the Commonwealth to admit Appellant's statement as evidence at trial.

Following a trial, on November 15, 2016, the jury convicted Appellant of the above charges.[3] The trial court ordered the preparation of a Pre-Sentence Investigation Report. On November 16, 2016, Appellant filed a Motion for Extraordinary Relief. In the Motion, Appellant challenged the sufficiency and weight of the evidence supporting his conviction. **See** Motion, 11/16/16, at ¶¶ 2-3. On November 23, 2016, the trial court denied the Motion.

---

[1] 18 Pa.C.S. § 2502(c); 18 Pa.C.S. § 6016(a)(1); 18 Pa.C.S. § 6108; 18 Pa.C.S. § 907(a); and 18 Pa.C.S. § 6105(a)(1), respectively.

[2] **Miranda v. Arizona**, 384 U.S. 436 (1966).

[3] The Commonwealth tried Appellant with a co-defendant, Marcus Brown. The jury convicted Brown of First-Degree Murder, VUFA 6106, VUFA 6108, and PIC. The court sentenced Brown to a term of life imprisonment.

On January 30, 2017, the court sentenced Appellant to an aggregate sentence of 18½ to 37 years' imprisonment for his Third-Degree Murder and VUFA 6106 convictions. The court imposed no further penalty on the remaining firearms convictions. That same day, Appellant filed a Motion for Reconsideration of Sentence. On February 1, 2017, the trial court denied Appellant's Motion.

This appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following five issues on appeal:

1. Did the trial court err when entering verdicts of guilty against the defendant based on evidence at trial that was insufficient to support his conviction?

2. Did the trial court err in entering verdicts of guilty against the weight of the evidence presented at trial?

3. Did the trial court err when it permitted a Commonwealth witness to testify about the contents of videos to narrate about an incident, including identification, when the witness had no personal knowledge of the incident and not only did the testimony not qualify as lay opinion evidence, it was no greater than speculation on the part of the [d]etective?

4. Did the trial court err when it denied Appellant's [M]otion to [S]uppress his statement when the statement was given without proper **Miranda** warnings?

5. Did the trial court abuse its discretion at sentencing by not sufficiently considering the mitigating factors presented at the sentencing hearing?

Appellant's Brief at 12.

In his first issue, Appellant challenges the sufficiency of the Commonwealth's evidence supporting his conviction of Third-Degree Murder. *Id.* at 20.

Preliminarily, we note that "it is an appellant's duty to present arguments that are sufficiently developed for our review." ***Commonwealth v. Hardy***, 918 A.2d 766, 771 (Pa. Super. 2007). The failure to do so will result in waiver if we are unable to discern the issue of the appellant's argument so as to provide meaningful review. ***See Commonwealth v. Johnson***, 985 A.2d 915, 924-25 (Pa. 2009) (appellant waives an issue on appeal if he fails to present claim with citations to relevant authority or fails to meaningfully develop the issue).

Appellant's challenge to the sufficiency of the evidence is significantly underdeveloped. Although he sets out the standard of review for sufficiency of the evidence claims, Appellant's argument is otherwise devoid of citation to any legal authority, in violation of Pa.R.A.P. 2119(a). Further, Appellant highlights, in one paragraph, the Commonwealth's evidence that he believes undermines his conviction, but he fails to set forth the elements of the crime with which the jury convicted him, fails to specify which elements he believes the Commonwealth did not prove, and fails to provide any analysis of the evidence as it pertains to the elements. ***See*** Appellant's Brief at 21. Appellant's omissions and failure to develop his issue not only violate our briefing requirements set forth in Pa.R.A.P. 2119(a), but also preclude this

court's meaningful review.[4]    Accordingly, we find Appellant's sufficiency challenge waived.

In his second issue, Appellant challenges the trial court's denial of his Motion for a New Trial, claiming that the verdict was against the weight of the evidence.  Appellant's Brief at 21-22.  Appellant has likewise waived this issue.

First, Appellant's argument section is comprised of a total of four paragraphs, three of which contain only boilerplate recitations of the standard of review for a weight of the evidence claim.  Second, Appellant does not specify which of his convictions he intends to challenge in this issue until the penultimate sentence, where he offhandedly states that he is challenging his Murder conviction.  Last, Appellant has failed to cite to any authority in support of his bald assertion that "the evidence in this case was only enough for guesswork by a jury."  ***Id.*** at 22.  Accordingly, again due to his failure to develop his argument in a manner that enables us to provide meaningful review, Appellant has waived this challenge to the weight of the evidence.

In his third issue, Appellant claims the trial court erred in permitting Police Detective Frank Mullen to testify outside the scope of his personal

---

[4] Pa.R.A.P. 2119(a) requires that an appellant include in the argument section of his brief "discussion and citation of authorities as are deemed pertinent."  Pa.R.A.P. 2119(a).

knowledge or experience. *Id.* at 23. Appellant argues that, at trial, Detective Mullen impermissibly narrated the Commonwealth's video compilation, thereby testifying to facts "beyond his particular knowledge in the field of video compilation." *Id.* Appellant also argues that the trial court erred in not instructing the jury about lay opinion testimony. *Id.*

It is axiomatic that to preserve an issue pertaining to trial testimony, a defendant must raise it in the trial court at the time the objection arises. Pa.R.A.P. 302(a); *Commonwealth v. Rivera*, 983 A.2d 1211, 1229 (Pa. 2009) (holding lack of contemporaneous objection results in waiver of issue on appeal).

In its Pa.R.A.P. 1925(a) Opinion, the trial court explained that Appellant "did not object to Detective Mullen's testimony describing the events unfolding on video." Trial Ct. Op., at 10. Thus, the court concluded, Appellant had failed to preserve this issue for purposes of appeal. *Id.* Our review of the Notes of Testimony confirms the trial court's conclusion. Further, to the extent that Appellant objects to the trial court's failure to provide a jury instruction on lay opinion testimony, we note that Appellant has raised this issue for the first time in his Brief to this Court. Accordingly, Appellant has waived this issue.

In his fourth issue, Appellant challenges the trial court's denial of Appellant's Motion to Suppress. Appellant's Brief at 24-25. Appellant's argument in support of this claim consists in its entirety of a reproduction of

the "Philadelphia Police Department Standard Police Interrogation Card Warnings To Be Given Accused" and "Questions to Be Answered By Accused" and the following "argument":

> If a defendant does not answer "yes, yes, no, yes, yes, no, yes" to these last seven questions, the police may not question him. That is exactly what happened here because Detective Pitts did not have Appellant answer the seven questions.

*Id.*

Appellant's argument is again woefully inadequate as it is utterly undeveloped and unsupported by any citation to legal authority. This claim is, thus, waived.

In his last issue, Appellant challenges the discretionary aspects of his sentence. Id. at 25-26. "Where an appellant challenges the discretionary aspects of a sentence . . . there is no automatic right to appeal, and an appellant's appeal should be considered a petition for allowance of appeal." *Commonwealth v. W.H.M.,Jr.*, 932 A.2d 155, 163 (Pa. Super. 2007).

To reach the merits of a discretionary issue, this Court must determine whether: (1) the appellant preserved the issue either by raising it at the time of sentencing or in a post-sentence motion; (2) the appellant filed a timely notice of appeal; (3) the appellant set forth a concise statement of reasons relied upon for the allowance of his appeal pursuant to Pa.R.A.P. 2119(f); and (4) the appellant raises a substantial question for our review.

***Commonwealth v. Dunphy***, 20 A.3d 1215, 3701220 (Pa. Super. 2011) (citation and footnotes omitted).

In the instant case, Appellant filed a timely Notice of Appeal, and a timely Post-Sentence Motion. Appellant did not, however, preserve this claim at sentencing or in his Motion for Reconsideration of Sentence. Moreover, Appellant did not include a separate Pa.R.A.P. 2119(f) Statement in his appellate Brief, and the Commonwealth has objected to Appellant's noncompliance with the Rule. ***See*** Commonwealth's Brief at 36. Thus, Appellant has waived this sentencing challenge for purposes of our review. ***Commonwealth v. Montgomery***, 861 A.2d 304, 308 (Pa. Super. 2004).

Judgment of Sentence affirmed.

President Judge Gantman joins the memorandum.

Judge Olson concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/23/18

Circulated 02/23/2018 03:03 PM

**IN THE COURT OF COMMON PLEAS**
**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**
**CRIMINAL TRIAL DIVISION**

COMMONWEALTH OF PENNSYLVANIA  : CP-51-CR-0001491-2016

v.

STANLEY NEWELL

FILED

MAR 29 2017

Criminal Appeals Unit
First Judicial District of PA
CP-51-CR-0001491-2016 Comm v Newell, Stanley
Opinion

7926634441

**OPINION**

**McDermott, J.**                                                      **March 29, 2017**

**Procedural History**

On September 12, 2015, the Defendant, Stanley Newell, was arrested and charged with

Murder and related offenses. On November 8, 2016, the Defendant, along with his co-defendant

Marcus Brown, appeared before this court and elected to be tried by a jury. On November 15,

2016, the jury convicted the Defendant of Third-Degree Murder, Firearms Not to be Carried

Without a License ("VUFA 6106"), Carrying a Firearm on a Public Street in Philadelphia

("VUFA 6108"), and Possession of an Instrument of Crime ("PIC").[1]

On November 16, 2016, the Defendant filed a motion for extraordinary relief, which this

Court denied on November 23, 2016. On January 30, 2017, after reviewing his pre-sentence and

mental health reports, this Court sentenced the Defendant to fifteen and one-half to thirty-one

---

[1] This Court granted judgment of acquittal on the Defendant's Conspiracy to Commit Murder charge. The jury convicted co-defendant Brown of First-Degree Murder, VUFA 6106, VUFA 6108, and PIC. He is currently serving a life sentence.

years of imprisonment for Third-Degree Murder and a consecutive three to six year sentence for VUFA 6106, for a total sentence of eighteen and one-half to thirty-seven years of imprisonment.[2]

On that same date, the Defendant filed a motion for reconsideration of sentence and a Notice of Appeal to the Superior Court. On February 1, 2017, this Court denied the Defendant's motion for reconsideration of sentence and issued an order directing counsel to file a Concise Statement of Matters Complained of on Appeal pursuant to Pa.R.A.P. 1925(b). On March 9, 2017, the Defendant filed a timely Statement.[3] On March 16, 2017, the Defendant filed a Supplemental 1925(b) Statement.

**Facts**

On September 20, 2014, the Twisters Motorcycle Club hosted its annual anniversary ceremony at the Nifiji Event Hall at 1432 Chew Avenue in North Philadelphia. Between 500 and 1,000 people affiliated with several Philadelphia motorcycle clubs attended the event, including Desmond "Little G" Davis, a member of the Twisters, the Defendant, Stanley "Stizz" Newell, a member of the rival Byrd Riders Motorcycle Club, and his co-defendant, Marcus "Taz" Brown, another Byrd Rider. N.T. 11/8/2016 at 112–113, 228–232; N.T. 11/9/2016 at 13–17.

At approximately midnight on September 21, 2014, an argument between "Gun," the chapter president of the Byrd Riders, and Davis commenced outside the event hall on Chew Avenue, drawing the attention of the Defendant and Brown. As the argument continued, the Defendant approached Davis and fellow Twister Tyrell Ginyard and argued with Davis, while

---

[2] This Court imposed no further penalty on the remaining charges.
[3] Appellate counsel entered his appearance on February 16, 2017, and this Court granted a continuance on February 21, 2017.

co-defendant Brown ran up to Davis from behind, brandished a Colt .45 caliber pistol, and pointed it at Davis' face. N.T. 11/9/2016 at 24–25.

Approximately ten feet away from the Defendant and Davis, the decedent Michael "Country" Baker, a member of the Twisters, drew his pistol, raised it above his head, and fired one shot. The gunfire caused the crowd of over seventy-five attendees standing outside the Event Hall to panic and scatter. Several armed attendees drew their weapons and proceed to fire at each other. N.T. 11/9/2016 at 19–26, 44–49.

After the gunfire broke out, the Defendant left the Event Hall via Chew Avenue, armed himself with a revolver, and returned to the scene. Erick Clark, a Twister, ran outside to assist his club during the commotion, and linked up with the decedent. Clark and the decedent observed the Defendant fire shots from his location on Chew Avenue and they returned fire. The decedent ran towards the Defendant's location returning fire, whereupon the Defendant shot him in the neck. N.T. 11/8/2016 at 232–238, 249–251; N.T. 11/10/2016 at 286–298; Commonwealth Exhibit C-131.

Deputy Chief Medical Examiner Dr. Albert Chu, an expert in forensic pathology, reviewed the decedent's autopsy report and concluded, to a reasonable degree of medical and scientific certainty, that the decedent suffered two gunshot wounds, including one fatal, penetrating wound to his neck. The fatal projectile travelled through the decedent's trachea, superior vena cava, right lung, and rib, and was ultimately recovered from his right upper back. The wound would have caused significant blood loss, prevented the decedent from breathing, and would have been rapidly fatal. N.T. 11/9/2016 at 219–222.

Officers of the Philadelphia Police crime scene unit investigated the area surround the Nifiji Event Hall and recovered twenty-five fired cartridge casings (FCCs) and a live .38 caliber

3

Smith & Wesson round. Officer Ronald Weitman, a ballistics expert, investigated the projectile recovered from the decedent's body and determined that it was consistent with having been fired from a .38 Special revolver. N.T. 11/10/2016 at 235, Commonwealth Exhibit C-91.

Detective Frank Mullen, an expert in video recovery, obtained video surveillance footage from multiple angles at the Nifiji Event Hall and a private residence at 5626 Park Avenue. The recovered video showed the decedent walking around a vehicle and the Defendant walk eastbound on Chew Avenue with a gun in his hand. As the decedent approaches, the Defendant pointed his revolver at the decedent, ready to fire. Immediately after, the decedent runs away hunched over and doubled down. Another individual is shown returning fire from Park Avenue. N.T. 11/10/2016 at 65–79, 84–91; Commonwealth Exhibit C-131.

Philadelphia detectives interviewed Clark, Ginyard, and fellow Twister and eyewitness Rodney Gregory, each of whom identified the Defendant via photo array and as the armed male walking down Chew Avenue and aiming his weapon at the decedent in the video. After his arrest, police detectives interviewed the Defendant, who was read his *Miranda* warnings and provided a taped interview and written statement. During the interview, the Defendant stated that he grabbed a gun in front of the Nifiji Event Hall and walked down Chew Avenue, where he either dropped the gun or gave it to someone else. Detectives showed the Defendant video of him walking down Chew Avenue armed with a gun, and he identified himself, but never showed him the sequence where he shot the decedent. N.T. 11/8/2016 at 257–258, 280–284; N.T. 11/9/2016 at 34–40, 57, 155–166, 167–178; N.T. 11/10/2016 at 266–307, 314; Commonwealth Exhibit C-62.

## Discussion

In his original and supplemental 1925(b) statements, the Defendant raises five issues for our review, that: (1) there was insufficient evidence to support the verdict, (2) the verdict was against the weight of the evidence, and that this Court (3) abused its discretion by permitting a witness to narrate the video surveillance footage, (4) improperly admitted the Defendant's statement, and (5) failed to consider mitigating factors during sentencing.

Evidence is sufficient to sustain a conviction when, viewed in the light most favorable to the Commonwealth as verdict winner, the evidence and all reasonable inferences drawn therefrom support the jury's finding of all the elements of an offense beyond a reasonable doubt. *Commonwealth v. Mattison*, 82 A.3d 386, 392 (Pa. 2013) (*citing Commonwealth v. Montalvo*, 956 A.2d 926, 932 (Pa. 2008)). In applying this standard, Pennsylvania courts acknowledge that "the Commonwealth may sustain its burden by means of wholly circumstantial evidence." *Montalvo*, 956 A.2d at 932 (*citing Commonwealth v. Diggs*, 949 A.2d 873, 877 (Pa. 2008)). The facts and circumstances established by the Commonwealth need not preclude every possibility of innocence, as any doubts regarding a defendant's guilt may be resolved by the fact finder unless the evidence is so inconclusive that, as a matter of law, no probability of guilt may be drawn. *Commonwealth v. Devine*, 26 A.3d 1139, 1145 (Pa. Super. 2011) (*quoting Commonwealth v. Jones*, 874 A.2d 108, 120–121 (Pa. Super. 2005)). The fact finder is free to believe all, part, or none of the evidence. *Id.*

Murder in the Third Degree is any unlawful killing committed with malice, but without the specific intent to kill nor committed in the commission of a felonious act. 18 Pa.C.S. § 2502(c); *Commonwealth v. Dunphy*, 20 A.3d 1215, 1219 (Pa. Super 2011); *see also Commonwealth v. Santos*, 876 A.2d 360, 363–364 (2005). Malice aforethought may be

5

established by showing a defendant's particular ill-will, wickedness of disposition, hardness of heart, recklessness of consequences, and a mind regardless of social duty, characterizing an extreme indifference to human life. *Commonwealth v. Santos*, 876 A.2d 360, 363–364 (Pa. 2005) (*citing Commonwealth v. Ludwig*, 874 A.2d 623, 631–632 (Pa. 2005); *Commonwealth v. Taylor*, 337 A.2d 545, 548 (Pa. 1975)). Malice can be inferred from the use of a deadly weapon upon a vital part of the victim's body. *Commonwealth v. Thomas*, 54 A.3d 332, 335–336 (Pa. 2012).

The Commonwealth presented ample evidence to prove beyond a reasonable doubt that the Defendant maliciously shot the decedent. Video surveillance footage showed the Defendant draw a weapon, aim it at the decedent, and shoot him twice. N.T. 11/10/2017 at 87–89; Commonwealth Exhibit C-131. Not only did two eyewitnesses, Ginyard and Gregory, identify the Defendant as the shooter in the video, but the Defendant also identified himself as the shooter after seeing an earlier sequence depicting him walking eastbound on Chew Avenue armed with a revolver. *Id.* at 303–304; Commonwealth Exhibit C-62. The fatal bullet travelled into the decedent's neck, through his trachea, a major artery, through his lungs, and into his chest cavity, all of which are vital body parts. N.T. 11/9/2016 at 220–221. The Defendant's conduct reflects an extreme indifferent to human life.

To convict a defendant of Carrying a Firearm Without a License, the Commonwealth must prove beyond a reasonable doubt that: (1) the weapon was a firearm; (2) the firearm was unlicensed; and (3) the firearm was concealed on or about the defendant's person, outside his home or place of business. *Commonwealth v. Coto*, 932 A.2d 933, 939 (Pa. Super. 2007) (*citing Commonwealth v. Parker*, 847 A.2d 745, 750 (Pa. Super. 2004)); 18 Pa.C.S. § 6106(a)(1). To sustain a conviction for Carrying a Firearm on a Public Street in Philadelphia, the

6

Commonwealth must prove beyond a reasonable doubt that the Defendant carried a firearm at any time upon the public street or upon public property in the city of Philadelphia and that he was not licensed to carry a firearm or exempt from licensing. *Commonwealth v. Mendozajr*, 71 A.3d 1023, 1026 (Pa. Super. 2012); 18 Pa.C.S. §6108.

Video surveillance footage clearly showed the Defendant carry a previously concealed revolver eastbound on Chew Avenue, a public street in Philadelphia. Commonwealth Exhibit C-131. At trial, the parties stipulated that the Defendant did not have a valid license to carry a firearm in the city of Philadelphia. N.T. 11/14/2016 at 30. The evidence is sufficient to sustain the Defendant's VUFA convictions.

To secure a PIC conviction, the Commonwealth must prove that the Defendant possessed an instrument of crime with the intent to employ it criminally. 18 Pa.C.S. § 907(a). An instrument of crime is "[a]nything used for criminal purposes and possessed by the actor under circumstances not manifestly appropriate for lawful uses it may have." 18 Pa.C.S. § 907(d)(2); *see also Commonwealth v. Robertson*, 874 A.2d 1200, 1208–1209. (Pa. Super. 2005).

The Defendant fired two shots from a revolver at the decedent recklessly or with extreme indifference to his life. Although the Defendant safely left the area where gunfire originally broke out, he made conscious decision to return to the Nifiji Event Hall armed with a revolver, where he shot the decedent. The evidence is sufficient to sustain each of the Defendant's convictions.

For weight of the evidence claims, the test is whether the verdict must be so contrary to the evidence as to shock one's sense of justice. *Commonwealth v. Rosser*, 135 A.3d 1077, 1090 (Pa. Super. 2016) (*citing Commonwealth v. Gonzalez*, 109 A.3d 711, 723 (Pa. Super. 2015)). Since the finder of fact is free to believe all, part, or none of the evidence and to determine the

7

credibility of the witnesses, for a defendant to prevail on a challenge of the weight, the evidence must be "so tenuous, vague and uncertain that the verdict shocks the conscience of the court." *Commonwealth v. Thompson*, 106 A.3d 742, 759 (Pa. Super. 2014) (*citing Commonwealth v. Ross*, 856 A.2d 93, 99 (Pa. Super. 2004)). An appellate court cannot substitute its judgment for that of the finder of fact. *Commonwealth v. Ovalles*, 144 A.3d 957, 968–969 (Pa. Super. 2016) (*citing Commonwealth v. Slocum*, 86 A.3d 272, 275–276 (Pa. Super. 2014)). A weight of the evidence challenge is one of the least assailable reasons for granting or denying a trial. *Commonwealth v. Horne*, 89 A.3d 277, 285 (Pa. Super. 2014) (*citing Commonwealth v. Widmer*, 744 A.2d 745, 753 (Pa. 2000)).

An argument that the verdict is contrary to the weight of the evidence concedes that there is sufficient evidence to sustain the verdict but contends, nevertheless, that the verdict is against the weight of the evidence. *Commonwealth v. Landis*, 89 A.3d 694, 699 (Pa. Super. 2014) (*citing Commonwealth v. Rivera*, 983 A.2d 1211, 1225 (Pa. 2009)). An allegation that the verdict is against the weight of the evidence is addressed to the sound discretion of the trial court. *Commonwealth v. Stokes*, 78 A.3d 644, 650 (Pa. Super. 2013) (*citing Widmer*, 744 A.2d at 751–752). "A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. A trial judge must do more than reassess the credibility of the witnesses and allege that he would not have assented to the verdict if he were a juror." *Commonwealth v. Mucci*, 143 A.3d 399, 410 (Pa. Super. 2016) (*citing Commonwealth v. Clay* 64 A.3d 1049, 1054–1055 (Pa. 2013)).

The Commonwealth presented video surveillance evidence that depicted the Defendant fatally shooting the decedent. Commonwealth Exhibit C-191. Two eyewitnesses corroborated the video evidence by identifying the Defendant as the shooter. N.T. 11/9/2016 at 41–42, 172.

Although the Defendant tried to raise the issue of self defense throughout the trial, video surveillance demonstrates that the Defendant reached safety before consciously returning to the Event Hall and opening fire on the decedent. Commonwealth Exhibit C-131. The jury's conviction for each of the charges does not shock this court's conscience.

The Defendant argues that Detective Mullen provided impermissible opinion testimony outside his scope of personal knowledge or experience. Questions concerning the admissibility of evidence are within the sound discretion of the trial court and will only be reversed upon a showing that the court abused its discretion. *Commonwealth v. Johnson*, 42 A.3d 1017, 1027 (Pa. 2012). It is not sufficient to persuade an appellate court that it may have reached a different conclusion; it is necessary to show an actual abuse of discretionary power. *Commonwealth v. Brown*, 134 A.3d 1097, 1106–1107 (Pa. Super. 2016) (*citing Commonwealth v. Christine*, 125 A.3d 394, 398 (Pa. 2015)). An abuse of discretion occurs where the law is overridden or misapplied; or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will. *Commonwealth v. Adams*, 104 A.3d 511, 517 (Pa. 2014) (*citing Commonwealth v. Randolph*, 873 A.2d 1277, 1281 (Pa. 2005)).

A lay witness may offer opinion testimony as long as the opinion is "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of rule 702." Pa.R.E. 701.

The Defendant argues that Detective Mullen impermissibly narrated the Commonwealth's video compilation, providing the argument and theory of the case to the jury. Although the Defendant objected, and this Court sustained any identification of or reference to

the Defendant and co-Defendant at trial,[4] counsel did not object to Detective Mullen's testimony describing the events unfolding on video. Since the Defendant did not preserve this particular objection, the claim is waived. Issues not raised at trial are waived and cannot be raised for the first time on appeal. Pa.R.A.P. 302(a).

Had the Defendant properly preserved this issue for appeal, it would be rejected. Detective Mullen was familiar with the area recorded, as he physically recovered surveillance footage from the crime scene. N.T. 11/10/2017 at 69–71. The witness was able to describe where people were located in relation to where events occurred and describe events as they unfolded. *Id.* at 81–82, 87–91. Detective Mullen did not speculate or provide any opinion regarding his observations. The Defendant is unable to demonstrate prejudice, as the jury was watching the same events unfold as Detective Mullen described them. This Court did not err in permitted Detective Mullen to testify in this manner.

The Defendant claims that this Court erred in admitting his statement into evidence as he was improperly *Mirandized.* A suspect subject to custodial interrogation must be warned that he has the right to remain silent, that anything he says may be used against him in court, and that he is entitled to the presence of an attorney. *Commonwealth v. Cruz,* 71 A.3d 998, 1003 (Pa. Super. 2013); *Miranda v. Arizona,* 384 U.S. 436, 469 (1966). The Commonwealth must establish whether a defendant knowingly and voluntarily waived his Miranda rights, and must do so by demonstrating that proper warnings were given and that the accused manifested an understanding of these warnings. *Commonwealth v. Cohen,* 53 A.3d 882, 885–886 (Pa. Super. 2012) (*citing Commonwealth v. Eichinger,* 915 A.2d 1122, 1135–1136 (Pa. 2007)). Where the police read a defendant his rights, he indicates his understanding of them, and then answers the questions

---

[4] *See* N.T. 11/10/2017 at 79, 80, 86.

asked, that defendant has sufficiently manifested his intent to waive his *Miranda* rights. *Commonwealth v. Baez*, 21 A.3d 1280, 1286 (Pa. Super. 2011).

This Court held a pre-trial hearing to determine the admissibility of the Defendant's statement. Detective James Pitts, the officer who video recorded the Defendant's interview and took his statement, testified that the Defendant was read his rights and signed warning cards prior to the interview. N.T. 11/7/2016 at 177–184. After reviewing the Defendant's statement and the video interview, this Court concluded that the interaction between the Defendant and Detective Pitts clearly indicates the Defendant's understanding and waiver of his rights. *Id.* at 209–211. The interview concluded when the Defendant requested counsel, further cementing the Defendant's understanding of *Miranda*.[5] This Court found Detective Pitts' testimony credible and properly denied the Defendant's motion to suppress.

The Defendant claims that this Court did not properly consider the Defendant's mitigating traits when fashioning his sentence. Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed in absent of a manifest abuse of discretion. *Commonwealth v. Derry*, 150 A.3d 987, 991 (Pa. Super. 2016) (*citing Commonwealth v. Hoch*, 936 A.2d 515, 517–518 (Pa. Super. 2007)). An abuse of discretion is not merely an error in judgment, rather the defendant must show that the sentencing court misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias, ill will, or arrived at a manifestly unreasonable decision. *Commonwealth v. McLaine*, 150 A.3d 70, 75 (Pa. Super. 2016) (*citing Commonwealth v. Antidormi*, 84 A.3d 736, 760–761 (Pa. Super. 2014)).

With respect to challenges to the discretionary aspects of a sentence, a defendant is not entitled to review as of right. *Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa. Super. 2013)

---

[5] This Court excluded all references to the Defendant invoking his Fifth and Sixth Amendment rights to counsel from the record.

11

(*citing Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010)). Instead, the defendant must raise a substantial question before his challenge is entitled to review. *Commonwealth v. Samuel*, 102 A.3d 1001, 1006–1007 (Pa. Super. 2014). A substantial question exists when the defendant "advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the sentencing code; or (2) contrary to the fundamental norms which underlie the sentencing process." *McLaine* 150 A.3d at 76 (*citing Commonwealth v. Sierra*, 752 A.2d 910 (Pa Super. 2000)).

The Defendant fails to raise a substantial question. This Court deferred sentencing for preparation of presentence and mental health reports. These reports revealed that the Defendant was forty-seven years old, had prior theft and drug possession convictions, and exhibited features of bipolar disorder and post-traumatic stress. N.T. 1/30/2017 at 4, 6–7. In constructing its sentence, this Court considered the seriousness of the offense, the effect the Defendant's crime had on the victim's family and the community, the need to protect society, and the Defendant's rehabilitative needs. This Court also considered numerous mitigating factors such as the Defendant's age and the impact his sentence will have on his family by reviewing letters and hearing testimony from the Defendant's family. *Id.* at 14–18.

The Defendant has a prior record of four, encompassing twenty-one arrests, eleven convictions, one summary offense, and four commitments across multiple jurisdictions, including Delaware, Texas, and Pennsylvania. With an offense gravity score of fourteen, the standard-range sentence for Third-Degree Murder is 186 months to the statutory limit, plus or minus twelve months with a deadly weapon enhancement; VUFA 6106 carries an offense gravity score of nine, with a standard-range of thirty-six to forty-eight months plus or minus twelve months; VUFA 6108 carries an offense gravity score of five, with a standard-range of nine to

sixteen months, plus or minus three months; and PIC caries an offense gravity score of three, with a standard-range of three to fourteen months plus or minus three months. *Id.* at 3–5.

This Court imposed a mitigated range sentence of fifteen and one-half to thirty-one years of imprisonment for Third-Degree Murder, followed by a consecutive, standard range three to six year sentence for VUFA 6106, for a total sentence of eighteen and one-half to thirty-seven years. This Court imposed no further penalty on the remaining charges. *Id.* at 28. Although the Commonwealth requested a twenty-seven to fifty-four year sentence, this Court determined that a lesser term of imprisonment was warranted because of the Defendant's age and unlikelihood to recidivate. *Id.* at 14, 28–29. Nothing on the record or within the Defendant's own averments indicates that this Court took action inconsistent with the sentencing code or contrary to the fundamental norms that underlie the sentencing process. This Court imposed a just and lawful sentence.

For the foregoing reasons, the judgment of this Court should be affirmed.

BY THE COURT,

Barbara A. McDermott, J.

13

**Commonwealth v. Stanley Newell, CP-51-CR-0001491-2016**

## PROOF OF SERVICE

I hereby certify that I am this day serving the foregoing filing upon the person(s), and in the manner indicated below, which service satisfies the requirements of Pa. R. Crim. P. 114:

> Philadelphia District Attorney's Office
> Three South Penn Square
> Philadelphia, PA 19107
> Attn: Hugh Burns, Esquire

**Type of Service:**      **DA's Courthouse Assigned Box**

> Benjamin Cooper, Esq.
> 1601 Cherry Street
> Suite 1320
> Philadelphia, PA 19102

**Type of Service:**      **First Class Mail**

> Stanley Newell
> MV 2878
> SCI Camp Hill
> P.O. Box 200
> Camp Hill, PA 17001

**Type of Service:**      **Certified Mail**

**Dated: March 29, 2017**

**Joseph Duffy**
**Law Clerk to the**
**Honorable Barbara A. McDermott**