J-S37012-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| LATIF WILLIAMS | : | |
| | : | |
| Appellant | : | No. 2412 EDA 2024 |

Appeal from the Judgment of Sentence Entered July 16, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0003626-2022

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| LATIF WILLIAMS | : | |
| | : | |
| Appellant | : | No. 2413 EDA 2024 |

Appeal from the Judgment of Sentence Entered July 16, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0001561-2022

BEFORE:   DUBOW, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY DUBOW, J.:                    **FILED OCTOBER 31, 2025**

In these consolidated appeals, Appellant, Latif Williams, appeals from

the July 16, 2024 judgment of sentence entered in the Philadelphia County

Court of Common Pleas following his conviction at a bench trial at Docket No.

_____

[*] Former Justice specially assigned to the Superior Court.

1561-2022 of Third-Degree Murder[1] and related offenses. Appellant also appeals from the judgment of sentence entered following his guilty plea at Docket No. 3626-2022 to Robbery of a Motor Vehicle[2] and related offenses. Appellant challenges the sufficiency of the evidence supporting his Third-Degree Murder conviction and the discretionary aspects of his sentence. After careful review, we affirm.

The Commonwealth established the following factual narrative at Docket No. 1561-2022 with the aid of video footage obtained from a doorbell camera. On November 28, 2021, Appellant was standing on the street as Samuel Collington ("Victim") drove by and parked near Appellant. Appellant approached Victim, and, a few seconds later, Victim sustained a gunshot wound, which was not captured on video. Appellant and Victim then appeared back in frame as Victim chased Appellant and both men fell to the ground. During the altercation, mostly obscured on video, Victim sustained two more gunshot wounds. Appellant then stood up and fired a fourth shot at Victim, who was still lying on the ground. This final shot was captured on video. Appellant fled, and Victim died of his injuries.

The Commonwealth charged him with the above crimes, and Appellant proceeded to a bench trial. The Commonwealth introduced, *inter alia*, the doorbell camera video of the shooting and the medical examiner's testimony

---

[1] 18 Pa.C.S. § 2502(c).

[2] *Id.* at § 3702(a).

- 2 -

that Victim's cause of death was multiple gunshot wounds, two of which were to the chest. The only evidence that Appellant introduced was a stipulation that his grandmother would have testified that he had a reputation in the community for being peaceful and law-abiding.

At the conclusion of trial, the court found Appellant guilty of the above crimes and ordered a pre-sentence investigation report. The trial court scheduled sentencing for July 16, 2024.

On July 16, 2024, before proceeding to sentencing, Appellant pled guilty at Docket No. 3626-2022 to the crime of Robbery of a Motor Vehicle, which he had committed on November 18, 2021. The trial court then proceeded to sentencing on both dockets. Before imposing the sentence, the trial court heard testimony from Appellant, Appellant's mother, and two of Appellant's mentors. The court also heard testimony from the robbery victim and the murder Victim's family. The court then sentenced Appellant to an aggregate term of 25 to 50 years' incarceration plus 5 years' probation. Specifically, the court sentenced Appellant to 20 to 40 years' incarceration for Third-Degree Murder and 5 to 10 years' incarceration for Robbery of a Motor Vehicle to run consecutively. Appellant's sentences were within the guidelines for each of his convictions.

On July 23, 2024, Appellant filed a post-sentence motion requesting reconsideration of his sentence, arguing that the sentence was excessive and greater than necessary to recognize the gravity of the offenses and promote Appellant's rehabilitation in light of his youth at the time of the offenses. On

July 24, 2024, he filed a motion to withdraw his guilty plea. On August 19, 2024, the trial court denied both motions.

This appeal followed.[3] Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issues for our review:

1. Whether the evidence was insufficient to prove the Appellant guilty of [T]hird-[D]egree [M]urder?

2. Whether the imposed sentences were excessive and far more than necessary to recognize the gravity of the offense, protect the community, and promote Appellant's rehabilitation as a nineteen-year-old who was sixteen[ ]years[ ]old at the time of the offense?

Appellant's Br. at x.

Appellant's first issue challenges the sufficiency of the evidence supporting his Third-Degree Murder conviction. Appellant argues that the Commonwealth did not establish malice because "nothing in the video suggests a motive, premeditation, intent, or animosity by the Appellant" as "it is entirely unknown what happened in the moments leading up to and at the time of the shooting" and Appellant's flight from the scene cannot be "proof of malice." Appellant's Br. at 11-17, 39-43. He also argues that it is unclear from the video whether Appellant initially possessed the firearm and whether the shooting was a voluntary act.[4] *Id.* at 18-24.

_____

[3] Appellant filed appeals on both dockets, which we consolidated *sua sponte*.

[4] Appellant also argues throughout his brief that his actions constituted self-defense. Appellant's Br. at 25-38, 44-58. However, Appellant's trial strategy

*(Footnote Continued Next Page)*

"A claim challenging the sufficiency of the evidence is a question of law." ***Commonwealth v. Widmer***, 744 A.2d 745, 751 (Pa. 2000). "We review claims regarding the sufficiency of the evidence by considering whether, viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt." ***Commonwealth v. Miller***, 172 A.3d 632, 640 (Pa. Super. 2017) (internal quotation marks and citation omitted). "Further, a conviction may be sustained wholly on circumstantial evidence, and the trier of fact—while passing on the credibility of the witnesses and the weight of the evidence—is free to believe all, part, or none of the evidence." ***Id.*** "In conducting this review, the appellate court may not weigh the evidence and substitute its judgment for the fact-finder." ***Id.***

_____

consisted of arguing that he should not be convicted of first or second-degree murder, not that he acted in self-defense. ***See*** N.T. Sent'g, 7/16/24, at 35-36 ("[F]rom the outset, we have been attempting to get the resolution that [the trial court] found was appropriate, which was a conviction to third degree."). In his reply brief, Appellant argues that self-defense can be raised from "any source," including *sua sponte* from the video of the altercation that the Commonwealth introduced into evidence. Appellant's Reply Br. at 6. Although it may be that a theory of self-defense **could** have been advanced at trial based on the video, the defense **did not** advance it, and Appellant cannot now do so for the first time on appeal. ***See Commonwealth v. Golson***, 189 A.3d 994, 1000 (Pa. Super. 2018) ("Generally, an appellant cannot raise new legal theories for the first time on appeal."); ***see also*** Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal."). Appellant's arguments pertaining to this issue are, thus, waived.

Our Crimes Code defines three degrees of homicide. *See* 18 Pa.C.S. §§ 2501, 2502. To convict a defendant of Third-Degree Murder under Section 2502(c), the Commonwealth "need only prove that the defendant killed another person with malice aforethought." *Commonwealth v. Santos*, 876 A.2d 360, 363 (Pa. 2005). "This Court has long held that malice comprehends not only a particular ill-will, but ... [also a] wickedness of disposition, hardness of heart, recklessness of consequences, and a mind regardless of social duty[.]" *Id.* (citation, emphasis, and internal quotation marks omitted). "Malice may be inferred from the use of a deadly weapon on a vital part of the victim's body." *Commonwealth v. Ventura*, 975 A.2d 1128, 1142 (Pa. Super. 2009) (citation omitted).

The trial court addressed Appellant's claim as follows:

> It is important to note that when [Appellant] fire[d] the last shot, [Victim] and [Appellant] were no longer wrestling, [Appellant] was fleeing[,] and [Victim] was not a threat to him at that point. [T]here is no doubt it was [Appellant] out there that Sunday afternoon. The video makes it crystal clear that [Appellant] attacked [Victim] that day and shot him four times. As juries have been instructed thousands of times, evidence that the defendant used a deadly weapon on a vital part of the decedent's body is alone sufficient to establish malice as an element of third-degree murder. . . . The prosecution clearly proved that [Appellant] killed [Victim] with malice aforethought[.]

Trial Ct. Op., 12/30/24, at 8 (citation omitted).

Appellant repeatedly asks this Court to view the video evidence in the light most favorable to him, arguing that the video was unclear at the point before and during the altercation on the ground and the Commonwealth's

interpretation of the events was incorrect. Appellant's Br. at 11-24, 39-43; Appellant's Reply Br. at 11-16. We decline to do so. This Court must view all evidence in the light most favorable to the Commonwealth as verdict winner. *See Miller*, 172 A.3d at 640. As such, our review confirms that the Commonwealth presented sufficient evidence that Appellant killed Victim with malice aforethought when he shot Victim four times and fled. The trial court correctly emphasized that Appellant undisputably used a deadly weapon on vital part of Victim's body, which alone can support an inference of malice. *See Ventura*, 975 A.2d at 1142. Accordingly, Appellant's challenge to the sufficiency of the evidence supporting his Third-Degree Murder conviction fails to merit relief.

In his second issue, Appellant argues that his sentence was excessive because the trial court imposed consecutive sentences and failed to consider "Appellant's youth, [] prior record score of zero, and [his] self-defense claim[.]" Appellant's Br. at 59. He avers that "the sentencing court made no meaningful reference to Appellant's youth [or prior record score] at the time of the offense [and instead] merely stated that it had 'reviewed everything that has been presented in this case' before proceeding[.]" *Id.* at 62.

Appellant challenges the discretionary aspects of his sentence. As such, Appellant is not entitled to an appeal as of right. *Commonwealth v. Tejada*, 107 A.3d 788, 797 (Pa. Super. 2015). An appellant bringing a challenge to the discretionary aspects of his sentence must invoke this Court's jurisdiction by (1) preserving the issue at sentencing or in a post-sentence motion; (2)

filing a timely notice of appeal; (3) including a Pa.R.A.P. 2119(f) statement within his appellate brief; and (4) raising a substantial question for our review. *Id.* at 797-98. Our review confirms that Appellant preserved his sentencing issue in a post-sentence motion, filed a timely appeal, and has included a Rule 2119(f) statement in his brief to this Court. We, thus, proceed to consider whether Appellant has raised a substantial question for our review.

Whether an appellant has raised a substantial question regarding discretionary sentencing is determined on a case-by-case basis. ***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Id.*** (citation and quotation marks omitted).

Claims that the sentencing court did not adequately consider mitigating factors generally do not raise a substantial question. ***See Commonwealth v. Disalvo***, 70 A.3d 900, 903 (Pa. Super. 2013) ("This Court has held on numerous occasions that a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review.") (citation omitted); ***Commonwealth v. Zirkle***, 107 A.3d 127, 133 (Pa. Super. 2014) ("[W]e have held that a claim that a court did not weigh the factors as an appellant wishes does not raise a substantial question."). Moreover, "a bald claim of excessiveness due to the consecutive nature of a sentence will not

raise a substantial question." **_Commonwealth v. Dodge_**, 77 A.3d 1263, 1270 (Pa. Super. 2013).

Appellant has not identified which provision of the Sentencing Code or fundamental norm underlying the sentencing process his sentence violates or offends. Rather, his argument is that the trial court did not properly weigh allegedly mitigating factors and, therefore, his consecutive sentences were excessive. We conclude that Appellant has failed to present a substantial question in challenging the discretionary aspects of his sentence and we, thus, do not have jurisdiction to review Appellant's claim.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/31/2025